FILED
COURT OF APPEALS
DIVISION II

2013 OCT -8 AM 9: 25

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BASIL D. YAUGER,<br><br>Appellant,<br><br>v.<br><br>STATE, DEPARTMENT OF<br>EMPLOYMENT SECURITY,<br><br>Respondent. | No. 43156-4-II<br><br>UNPUBLISHED OPINION |

BJORGEN, J. — Basil D. Yauger appeals the Employment Security Department commissioner's determination that he did not establish good cause for failing to timely appeal the denial of unemployment benefits. Yauger contends that the commissioner erred (1) by failing to consider evidence concerning his post-traumatic stress disorder (PTSD), and (2) by contacting him "regarding all notices, deadlines, and requirements via U.S. Mail [versus] e[-]mail or phone." Br. of Appellant at 5. Yauger also contends that the commissioner's failure to consider his PTSD evidence violated the Americans with Disabilities Act (ADA). We affirm.

## FACTS

On March 15, 2010, Yauger quit his job at Wachovia Dealer Services. On June 5, 2010, the Department issued a determination notice denying Yauger unemployment benefits for quitting his job without good cause. The first page of the determination notice stated Yauger had until July 6, 2010 to appeal the Department's decision to deny unemployment benefits. The determination notice further stated:

> YOUR RIGHT TO APPEAL:
> If you disagree with this decision, you have the right to appeal. An appeal is a written statement that you disagree with this decision. Your appeal must be received or postmarked by 07/06/2010. An appeal is a request for a hearing with an Administrative Law Judge (ALJ) from the Office of Administrative Hearings

(OAH). If you miss the deadline to appeal, tell us why the appeal is late. The ALJ will decide if you have "good cause" for a late appeal.

Administrative Record (AR) at 78. Yauger filed his administrative appeal on June 7, 2011, over 11 months past the July 6, 2010 deadline.

An administrative hearing was held on July 5, 2011. At the July 5 hearing, Yauger testified that he did not have any "injuries or illnesses that would have prevented [him] from working" and that he had been "actively pursuing and physically able to perform any job" during the time that he was unemployed. AR at 19, 22. When Wachovia raised the issue of Yauger's late appeal, the Administrative Law Judge (ALJ) noted that Yauger did not receive proper notice of the issue and postponed the hearing.

When the administrative hearing resumed on August 17, Yauger testified that he did not timely appeal the Department's denial of unemployment benefits because he was suffering from depression over the death of his sister. When asked why he could not timely file his appeal when he was capable of seeking employment, Yauger admitted that he did not read the portion of the Department's determination letter regarding his appeal rights. The ALJ entered an order dismissing Yauger's untimely appeal, concluding that Yauger did not establish good cause for his delay in filing.

Yauger filed a petition for review of the ALJ's dismissal order to the Department commissioner. Yauger's petition for review asserted for the first time that his PTSD symptoms caused his late filing. The commissioner affirmed the ALJ's dismissal order and adopted the ALJ's findings of fact and conclusions of law. The commissioner's decision stated in part:

> Claimant timely received his Determination Notice dated June 5, 2010. Claimant skipped to the end of the Determination Notice indicating he had been denied benefits. Claimant's right of appeal is set forth on the face of the

Determination Notice. However, claimant admittedly failed to fully read the notice, including his right of appeal. At the time claimant was suffering from severe depression over the loss of his sister, but testified to being able to, available for, and actively seeking work. While we do not discount the affect [sic] claimant's sisters's [sic] death had on claimant, or minimize the depression he was suffering, we can not find that they constituted an excusable basis for his appeal. Ultimately, the facts lead us to conclude it was claimant's negligence in not fully reading his Determination Notice that lead [sic] to the substantial delay of nearly a year. Claimant's negligence in handling his affairs does not constitute an excusable reason for his substantial delay of nearly a year. Given the length of delay, we agree with the employer representative that the employer would likely be prejudiced in its ability to present its case. Under these circumstances the claimant has failed to establish good cause for the filing of his untimely appeal.

AR at 126.

Yauger filed a reconsideration petition, which the commissioner denied. He then filed for judicial review of the commissioner's decision, and the superior court affirmed. Yauger now timely appeals the commissioner's decision to our court.

## ANALYSIS

The Washington Administrative Procedure Act (WAPA), chapter 34.05 RCW, governs our review of the Department's final administrative decisions. *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). When reviewing an agency action, we "sit[] in the same position as the superior court, applying the standards of the WAPA directly to the record before the agency." *Tapper*, 122 Wn.2d at 402. Because we sit in the same position as the superior court, we do not give deference to the superior court's ruling. *Verizon Nw., Inc. v. Emp't Sec. Dep't*, 164 Wn.2d 909, 915, 194 P.3d 255 (2008). We review the commissioner's decision, not the underlying decision of the ALJ. *Verizon Nw.*, 164 Wn.2d at 915. A commissioner's decision is considered "prima facie correct." *Anderson v. Emp't Sec. Dep't*, 135 Wn. App. 887, 893, 146 P.3d 475 (2006). The party asserting invalidity of the agency action, here Yauger, bears the

burden of proving its invalidity. RCW 34.05.570(1)(a); *Graves v. Emp't Sec. Dep't*, 144 Wn. App. 302, 308, 182 P.3d 1004 (2008).

The WAPA allows us to reverse the Department commissioner's decision if, among other things, the commissioner based his decision on an error of law, substantial evidence does not support the decision, or the decision was arbitrary and capricious. RCW 34.05.570(3)(d), (e)(i)[1]; *Tapper*, 122 Wn.2d at 402. Additionally, we may provide Yauger relief from the commissioner's decision only if we determine that he "has been substantially prejudiced by the action complained of." RCW 34.05.570(1)(d).

Under RCW 50.32.020, an applicant for unemployment benefits has the right to appeal the Department's unfavorable determination of his claim within 30 days of the notification or mailing date, whichever is earlier. However, the appeal tribunal may, in its discretion, waive the 30-day time limitation "[f]or good cause shown." RCW 50.32.075. We apply a three-prong test in determining whether the applicant has established "good cause" for filing a late appeal. *Wells v. Emp't Sec. Dep't*, 61 Wn. App. 306, 311, 809 P.2d 1386 (1991). The criteria considered in making this determination are: (a) the length of the delay, (b) the excusability of the delay, and (c) whether acceptance of the late filed appeal will result in prejudice to other interested parties, including the Department. WAC 192-04-090(1)(a)-(c); *Wells*, 61 Wn. App. at 311. We employ a "sliding scale" analysis whereby a short delay requires a less compelling reason than does a long delay. *Hanratty v. Emp't Sec. Dep't*, 85 Wn. App. 503, 507, 933 P.2d 428, 945 P.2d 726

---

[1] RCW 34.05.570(3) provides nine bases upon which this court may grant relief from an agency order. Although Yauger does not state the bases upon which he relies in asserting the invalidity of the commissioner's decision, his claims appear to rely on subsections (d), (e), and (i).

(1997). In determining excusability, the Department is required to take into account "any physical, mental, educational or linguistic limitations" of the applicant. WAC 192-04-090(2).

Whether an unemployment benefits applicant has shown good cause for an untimely appeal is a mixed question of law and fact. *Wells*, 61 Wn. App. at 310. We therefore apply a substantial evidence standard to the agency's factual findings, but review de novo its conclusions of law. *Terry v. Emp't Sec. Dep't*, 82 Wn. App. 745, 748-49, 919 P.2d 111 (1996). Yauger does not assign error to any of the commissioner's findings of fact and, therefore, we treat them as verities on appeal. RAP 10.3(g); *Tapper*, 122 Wn.2d at 407.

Here, the commissioner found that Yauger timely received the Department's unfavorable determination notice, but neglected to read the portion of the notice describing his appeal rights. The commissioner further found that, although Yauger suffered from depression over the death of his sister, he "testified to being able to, available for, and actively seeking work." AR at 126. The commissioner concluded that Yauger's negligence in failing to read the Department's determination notice caused the substantial delay in filing an appeal and that such negligence did not constitute good cause to excuse the delay.

Yauger does not challenge these factual findings by the commissioner, and they are consequently verities on appeal. RAP 10.3(g); *Tapper*, 122 Wn.2d at 407. If Yauger were deemed to have challenged these findings, they are supported by substantial evidence in the record.

Yauger asserts that the commissioner erred in concluding that he failed to establish good cause for his late filing because the commissioner failed to consider evidence of his PTSD symptoms. However, evidence concerning Yauger's PTSD symptoms was not in the record

before the commissioner when reviewing the ALJ's dismissal order. Instead, Yaguer attempted to present evidence of his PTSD symptoms for the first time in his petition for review to the commissioner. But, absent an order directing the appeal tribunal to accept additional evidence, the commissioner must base his or her decision on the "evidence submitted to the appeal tribunal." RCW 50.32.080. Accordingly, we hold that the commissioner did not err by failing to consider evidence of Yauger's PTSD symptoms.

Next, Yauger asserts that the commissioner's failure to consider his PTSD symptoms when concluding that he failed to establish good cause for untimely filing his appeal violated the ADA. On this issue, Yauger's brief merely states, "I researched the [commissioner's] decision, and believe that it violates the ADA Act 7/26/90 Public Law 101-336 (42 U.S.C. Sec. 12101 et seq)[.]" Br. of Appellant at 6. This single statement is insufficient to merit consideration of Yauger's ADA claim and we do not further address it. RAP 10.3(a)(6); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."); *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (Pro se litigants held to the same standard as attorneys).

Finally, Yauger asserts that the Department erred by contacting him "regarding all notices, deadlines, and requirements via U.S. Mail [versus] e[-]mail or phone." Br. of Appellant at 5. We decline to address this argument because the record shows Yauger failed to raise it at the administrative level. With certain exceptions not applicable here, the WAPA prohibits appellate review of issues "not raised before the agency . . . ." RCW 34.05.554(1). Moreover, Yauger provides no legal authority to support his argument that the Department was required to provide notice by way of electronic mail or telephone, and he cannot demonstrate prejudice

No. 43156-4-II

Accordingly, we affirm the commissioner's order affirming the ALJ's dismissal of Yauger's appeal from the Department's determination denying him unemployment benefits.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

PENOYAR, J.

JOHANSON, A.C.J.

7