954 P.2d 290 (1998)
90 Wash.App. 533
Dwight HOLLAND, Appellant,
v.
CITY OF TACOMA, Respondent.
No. 21522-5-11.
Court of Appeals of Washington, Division 2.
March 27, 1998.
As Amended May 22, 1998.
*291 Glen Alan Prior, Law Firm of Glen Prior Inc. Ps, Fife, for Appellant.
Shelley Marie Kerslake, Tacoma City Attorney's Office, Tacoma, Jean P. Homan, Tacoma, for Respondent City of Tacoma.
*292 Lynne C. Wilson, Seattle, for Amicus Curiae American Civil Liberties Union.
BRIDGEWATER, Judge.
Dwight Holland appeals the summary dismissal of his lawsuit challenging the constitutionality of a Tacoma ordinance that limits the volume of sound projected from car sound systems and the award of attorney fees to the City. We affirm as to the dismissal, but reverse as to the award of attorney fees.
Holland was arrested for violating Tacoma Municipal Code (TMC) 8.12.060(E), which prohibited the playing of car sound systems at a volume that would be "audible" at a distance greater than 50 feet.[1] Holland was convicted and appealed to the superior court. Before the appeal was heard, the City stipulated to the dismissal of Holland's conviction and the superior court ordered the dismissal with prejudice.
Holland subsequently initiated this action in Pierce County Superior Court with several claims, including: a challenge to the constitutionality of the ordinance; claims for damages under 42 U.S.C. §§ 1983 and 1985 (1994); and several tort claims including negligence, defamation, false light, invasion of privacy, false imprisonment, outrage, and negligent infliction of emotional distress. The City moved for summary judgment. The superior court granted the motion, and sua sponte, granted attorney fees to the City, ruling that the action was frivolous.
Because this was an order of summary judgment, we engage in the same inquiry as the trial court. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. CR 56(c). The court must consider all facts submitted and all reasonable inferences from them in the light most favorable to the nonmoving party. Wilson, 98 Wash.2d at 437, 656 P.2d 1030. The court should grant the motion only if, from all the evidence, reasonable persons could reach but one conclusion. Wilson, 98 Wash.2d at 437, 656 P.2d 1030.

I. Assignments of Error Without Argument
Holland has several assignments of error for which he has included no argument in his appellate brief. Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration. State v. Johnson, 119 Wash.2d 167, 171, 829 P.2d 1082 (1992). Instead of making a reasoned argument, Holland simply incorporates his trial briefs by reference. But trial court briefs cannot be incorporated into appellate briefs by reference. U.S. West Communications, Inc. v. Washington Util. & Transp. Comm'n, 134 Wash.2d 74, 111-12, 949 P.2d 1337 (1997); see also Patterson v. Public Instruction, 76 Wash.App. 666, 676, 887 P.2d 411 (1994), review denied, 126 Wash.2d 1018, 894 P.2d 564 (1995). If we considered all of the referenced material as a part of his appellate brief, the brief would be 186 pages in length, well in excess of the 50-page limit set forth in RAP 10.4(b), and Holland did not move to file an over-length brief. We follow the reasoning in U.S. West that to allow such expansion by reference would render the Rules on Appellate Procedure meaningless. 134 Wash.2d at 112, 949 P.2d 1337. We therefore hold that Holland has abandoned the issues for which he attempted to incorporate arguments by reference to trial briefs or otherwise. We will address all other issues that have not been abandoned by Holland or that have been argued by the American Civil Liberties Union of Washington, amicus curiae.

II. Freedom of Speech Overbroad Ordinance
Holland challenges the ordinance on the constitutional bases that it is overbroad, *293 vague and abridges his freedom of expression. Because statutes are presumed constitutional, the burden of proving a statute unconstitutional is on the party challenging its constitutionality. Campos v. Labor & Indus., 75 Wash.App. 379, 384, 880 P.2d 543 (1994), review denied, 126 Wash.2d 1004, 891 P.2d 38 (1995). Our analysis as to the claimed unconstitutionality of the ordinance proceeds from two separate bases(A) an "as-applied" challenge, and (B) a facial challenge. Because Holland has abandoned his argument concerning the unconstitutionality as measured by the Washington Constitution, we examine the issue solely from the United States Constitution and the First Amendment.

A. As Applied
"Article 1, section 5 of the Washington Constitution and the first and fourteenth amendments to the United States Constitution protect freedom of speech. Pure conduct, on the other hand is not protected." O'Day v. King County, 109 Wash.2d 796, 802, 749 P.2d 142 (1988). Free speech can be regulated as to time, place, or manner. Bering v. Share, 106 Wash.2d 212, 234, 721 P.2d 918 (1986), cert. dismissed, 479 U.S. 1050, 107 S.Ct. 940, 93 L.Ed.2d 990 (1987). But to be entitled to free speech protections and the benefit of a time, place, or manner analysis, the plaintiff must have at least a colorable claim that the regulation involves expression. O'Day, 109 Wash.2d at 810, 749 P.2d 142.
Mere conduct is not expressive, and legislation may restrict it. But if the conduct is expressive and central to the actor's message, a law restricting that conduct is subject to a free expression challenge. O'Day v. King County, 109 Wash.2d 796, 803, 749 P.2d 142 (1988). Conduct is expressive when the actor intends to communicate a particular message by his actions and that message will be understood by those who observe it because of the surrounding circumstances. Spence v. Washington, 418 U.S. 405, 410-11, 94 S.Ct. 2727, 2730-31, 41 L.Ed.2d 842 (1974).
City of Seattle v. McConahy, 86 Wash.App. 557, 567, 937 P.2d 1133, review denied, 133 Wash.2d 1018, 948 P.2d 388 (1997).
Holland asserted at oral argument that he was not trying to communicate a message to others by operating his radio when he was arrested. Indeed, he asserted that he was not attempting to express anything, he was merely listening. He has failed to provide any evidence showing that his actions were expression. If his actions were not expression, then they were mere conduct. Thus, the operation of Holland's automobile sound equipment had no expressive value. And, because expression is not involved, we need not enter into an analysis of whether the noise ordinance is a reasonable time, place, or manner restriction of freedom of speech. Holland's first argument fails.

B. Facial Challenge
Holland's second argument is that the ordinance fails under a facial challenge. O'Day instructs us that "an overly broad statute that sweeps within its proscriptions protected expression is unconstitutional." 109 Wash.2d at 803, 749 P.2d 142.
If the County's regulations impermissibly burden protected expression, respondents have standing to challenge the regulations' overbreadth even though "their activity is within the permissible scope of the [ordinance] and even if such constitutional overbreadth can be considered `harmless error' as applied to them." State v. Regan, 97 Wash.2d 47, 52, 640 P.2d 725 (1982); see also Broadrick v. Oklahoma, 413 U.S. 601, 611-12, 93 S.Ct. 2908, 2915-16, 37 L.Ed.2d 830 (1973).
O'Day, 109 Wash.2d at 803, 749 P.2d 142.
The court's usual "reluctance to entertain facial challenges is somewhat diminished in the First Amendment context." Roulette v. City of Seattle, 97 F.3d 300, 303 (9th Cir.1996) (citing Massachusetts v. Oakes, 491 U.S. 576, 581, 109 S.Ct. 2633, 2637, 105 L.Ed.2d 493 (1989)). This is the result of the court's concern that "those who desire to engage in legally protected expression... may refrain from doing so rather than risk prosecution or undertake to have *294 the law declared partially invalid." Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 503, 105 S.Ct. 2794, 2802, 86 L.Ed.2d 394 (1985). In allowing such challenges, the court is protecting the free speech interests of "parties not before the Court." See, e.g., Board of Airport Comm'rs v. Jews for Jesus, Inc., 482 U.S. 569, 574, 107 S.Ct. 2568, 2572, 96 L.Ed.2d 500 (1987) (citing City Council v. Taxpayers for Vincent, 466 U.S. 789, 801, 104 S.Ct. 2118, 2126, 80 L.Ed.2d 772 (1984)).[2] Thus, Holland, who has not asserted any claim to expression, may challenge the overbreadth of the ordinance, even though his conduct fell within the scope of the ordinance and its constitutional overbreadth would be harmless error as to his case.
"[T]he Supreme Court has entertained facial freedom-of-expression challenges only against statutes that, `by their terms,' sought to regulate `spoken words,' or patently `expressive or communicative conduct' such as picketing or handbilling." Roulette, 97 F.3d at 303 (quoting Broadrick v. Oklahoma, 413 U.S. 601, 612-13, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973)). In other words, "a facial freedom of speech attack must fail unless, at a minimum, the challenged statute `is directed narrowly and specifically at expression or conduct commonly associated with expression.'" Roulette, 97 F.3d at 305 (quoting City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750, 760, 108 S.Ct. 2138, 2145, 100 L.Ed.2d 771 (1988)); compare Arcara v. Cloud Books, Inc., 478 U.S. 697, 706-07, 106 S.Ct. 3172, 3177, 92 L.Ed.2d 568 (1986) ("where a statute based on a nonexpressive activity has the inevitable effect of singling out those engaged in expressive activity," the statute may be subject to First Amendment scrutiny) with City of Dallas v. Stanglin, 490 U.S. 19, 25, 109 S.Ct. 1591, 1595, 104 L.Ed.2d 18 (1989) ("It is possible to find some kernel of expression in almost every activity a person undertakes for example, walking down the street or meeting one's friends at a shopping mall but such a kernel is not sufficient to bring the activity within the protection of the First Amendment."). "To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." Broadrick, 413 U.S. at 615, 93 S.Ct. at 2918.
By its terms, TMC 8.12.060(E) prohibits playing automobile sound equipment at a volume that can be heard more than 50 feet from the car. The volume of sound from a car stereo or sound system is not "commonly associated with expression."[3] Because this ordinance is not directed "narrowly and specifically at expression," it is not readily vulnerable to a facial challenge.
O'Day, as well, sets forth the test when the ordinance proscribes conduct, but may implicate expression:
The United States Supreme Court, on the other hand, considers the overbreadth doctrine "strong medicine", employing it only as a "last resort." New York v. Ferber, 458 U.S. 747, 769, 102 S.Ct. 3348, 3361, 73 L.Ed.2d 1113 (1982). Because [the statute] regulates conduct, and not merely speech, an overbreadth challenge under the First Amendment cannot succeed unless the overbreadth is both real and substantial in relation to the ordinance's plainly legitimate sweep. Ferber, at 770, 102 S.Ct. at 3361; Broadrick, 413 U.S. at 615, 93 S.Ct. at 2917.
109 Wash.2d at 804, 749 P.2d 142.
In O'Day, the court held that the First Amendment would protect the communication *295 and expression of a nude dancer, but that public nudity was conduct subject to regulation. Similarly, we hold that the First Amendment would protect the communication and expression of someone attempting to broadcast music or another type of message, but that noise is subject to regulation.
We note from O'Day that an ordinance may pass constitutional muster if it has limitations that permit "expression" while prohibiting "conduct." This ordinance does not have such legislative exceptions. O'Day also permits the court to construe an ordinance to provide such exceptions, but we have not been invited to do this by the City and we do not engage in such construction. It would certainly be appropriate for the City to draft exceptions so that only conduct is covered by the ordinance but, without exceptions, we are still left with the test expressed in Broadrick and O'Day: whether the overbreadth is "both real and substantial." Holland makes no demonstration or reasoned argument that there is a real and substantial threat to expression in relation to the ordinance's legitimate sweep other than to conclude that it would inevitably affect expression. Thus, we hold that in this case a real and substantial threat has not been established. The facial challenge fails.

III. Vagueness
Holland and amicus curiae argue that an ordinary person would not know when he or she is violating this ordinance and therefore that the ordinance is unconstitutionally vague.[4] The traditional standard of unconstitutional vagueness is whether the terms of a statute are so indefinite that "men of common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). This standard is applied even more strictly to statutes that inhibit free speech because of the value our society places on the free dissemination of ideas. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499, 102 S.Ct. 1186, 1193-94, 71 L.Ed.2d 362 (1982). To withstand a challenge for vagueness, an ordinance must provide adequate notice to persons of common understanding concerning the behavior prohibited and the specific intent required: it must provide "citizens, police officers and courts alike with sufficient guidelines to prevent arbitrary enforcement." City of Seattle v. Webster, 115 Wash.2d 635, 644, 802 P.2d 1333, 7 A.L.R.5th 1100 (1990), cert. denied, 500 U.S. 908, 111 S.Ct. 1690, 114 L.Ed.2d 85 (1991).
This ordinance has clear guidelines. A person of ordinary intelligence knows what it means for sound to be "audible" at more than 50 feet away. Holland and the amicus curiae argue that because sound travels different distances on different days and in different places, a person sitting in the car playing a radio would not know if it could be heard 50 feet away. Holland cites Easy Way of Lee County, Inc., v. Lee County, 674 So.2d 863 (Fla.App.1996) for support. In Easy Way, the court found the language of a sound ordinance overly broad and vague when the conduct made illegal music played in such a way that it was "unreasonably loud, raucous, jarring, disturbing, or a nuisance to persons within the area of audibility." 674 So.2d at 867. The court reasoned that this standard "represents exactly such a `subjective standard, prohibiting a volume that any individual person "within the area of audibility" happens to find personally disturbing'." Easy Way, 674 So.2d at 867. The Tacoma ordinance differs from the Florida sound ordinance in that this ordinance has a clear standardaudible more than 50 feet away from the sourceand there is no subjective element such as "unreasonably" or "disturbing." While the driver may have a hard time predicting the way sound travels, he will know what conduct violates the ordinance. To sustain a vagueness challenge, Holland must prove that the ordinance is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." Coates v. City of Cincinnati, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 *296 L.Ed.2d 214 (1971). TMC 8.12.060(E) is not unconstitutionally vague.

IV. 42 U.S.C. § 1983
Holland and amicus curia also argue that his 42 U.S.C. § 1983 claim should not have been dismissed. Under 42 U.S.C. § 1983,
[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
There is not a material issue of fact remaining on Holland's First Amendment claim; thus, there is no remaining question of fact concerning Section 1983. Holland has alleged an injury because of the City's violation of his First Amendment rights. He has shown that he was subjected to a trial and conviction under the ordinance, but he has failed to show a colorable claim that the ordinance was unconstitutional. Summary judgment was appropriate.

V. Negligence
Holland also alleges that the City was negligent and breached its duty not to violate his constitutional rights. Holland has cited no cases creating such a duty. Furthermore, the City has immunity for its lawmaking functions. See Evangelical United Brethren Church v. State, 67 Wash.2d 246, 253-54, 407 P.2d 440 (1965) (government conduct at an executive or administrative level, which involves basic policy decisionmaking and implementation, falls within the scope of immunity and cannot be tortuous). Thus, the trial court did not err by dismissing Holland's negligence claim.

VI. Attorney Fees
Finally, Holland challenges the trial court's ruling that his lawsuit was frivolous and the award of attorney fees to the City was in error. The decision to award attorney fees is left to the trial court's discretion and will not be disturbed in the absence of a clear showing of abuse. Fluke Capital & Mgt. Servs. Co. v. Richmond, 106 Wash.2d 614, 625, 724 P.2d 356 (1986); Clarke v. Equinox Holdings, Ltd., 56 Wash.App. 125, 132, 783 P.2d 82, review denied, 113 Wash.2d 1001, 777 P.2d 1050 (1989). Therefore, the question is whether the court's conclusion was the product of an exercise of discretion that was manifestly unreasonable or based on untenable grounds or reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971). The trial court abused its discretion in this case. The United States Supreme Court has stated that "[i]t remains a `matter of no little difficulty' to determine when a law may properly be held void on its face and when `such summary action' is inappropriate." Broadrick, 413 U.S. at 615, 93 S.Ct. at 2917 (quoting Coates, 402 U.S. at 617, 91 S.Ct. at 1690). We have stated that although the ordinance prohibits conduct, it might have the effect of prohibiting expression. While we have found summary judgment appropriate because we are not convinced that the overbreadth is a real and substantial threat, this suit was not frivolous. Therefore, the award of attorney fees based on a finding that the lawsuit was frivolous was in error. We also do not award attorney fees for frivolous appeal under RAP 18.9(a).
Affirmed in part; reversed as to the award of attorney fees.
HOUGHTON, C.J., and MORGAN, J., concur.
NOTES
[1] In relevant part, TMC 8.12.060 provides:

The following sounds are determined to be public disturbance noises:
. . . .
(E) Sound from motor vehicle sound systems, such as tape players, radios, and compact disc players, operated at a volume so as to be audible greater than 50 feet from the vehicle itself;
[2] We note that where all the parties who may be affected by the statute are already before the court, there may "be no basis for entertaining a facial challenge at all." Roulette, 97 F.3d at 304 n. 5.
[3] An exception is the production of political messages by "sound truck." See Kovacs v. Cooper, 336 U.S. 77, 81, 69 S.Ct. 448, 451, 93 L.Ed. 513, 10 A.L.R.2d 608 (1949) ("Absolute prohibition within municipal limits of all sound amplification, even though reasonably regulated in place, time, and volume, is undesirable and probably unconstitutional as an unreasonable interference with normal activities."). This would be the "kernel" of expressive activity touched by this ordinance, but this kernel is not sufficient to bring the conduct within the protection of the First Amendment.
[4] While Holland has not made reasoned argument on this assignment of error in his appellate brief, it was argued extensively in the amicus brief, and therefore we address the issue.