

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 33131-8-III |
| RHONDA SHAY ALEXANDER, | ) | (consolidated with |
| | ) | No. 34364-2-III) |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| SASCHA MICHAEL ALEXANDER, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Sascha Alexander appeals a number of orders entered in the

Grant County proceedings dissolving his marriage to Rhonda Alexander. His brief on

appeal does not satisfy the minimum requirements of the Rules for Appellate Procedure,

failing to support his assignments of error factually or legally. In addition, findings of the

trial court that are verities on appeal undermine the arguments he apparently attempts to

make. We affirm the trial court's orders.

No. 33131-8-III (consol. w/ No. 34364-2-III)
*In re Marriage of Alexander*

FACTS AND PROCEDURAL BACKGROUND

During pretrial proceedings in this action for dissolution of the marriage of Sascha and Rhonda Alexander, Grant County Court Commissioner Melissa Chlarson ruled that the children would live with their mother during the action. The commissioner initially ordered unsupervised visitation with Sascha.[1]

Sascha was represented by counsel for a short time but represented himself during most of the proceedings. In a court appearance in December 2012, Sascha accused the commissioner of bias based on what he believed to be her "after hours" friendship with his wife's lawyer. Report of Proceedings (RP) (Dec. 7, 2012) at 11. Several months later, he moved for Commissioner Chlarson to recuse herself because of "her friendship" with opposing counsel and his contention that she was ruling against him "100% of the time." Clerk's Papers (CP) at 122-23. Commissioner Chlarson did not recuse herself.

A guardian ad litem (GAL) was appointed to investigate and report information relevant to a parenting plan, accusations of domestic violence and mental health problems involving the parents, and to represent the best interest of the three children. Sealed Clerk's Papers (SCP) at 169. In October 2013, the GAL provided her written report to the court in which she recommended that the couple's three children "be placed in the

---

[1] Because the parties share a last name, we refer to them by their first names. We intend no disrespect.

2

full custodial care of their mother" and that the father "be granted only supervised visitation at this time." SCP at 178. She further explained:

> It is recommended that Mr. Alexander undergo a psychological examination. Once that examination has been completed it will hopefully provide the information necessary to formulate a plan whereby Mr. Alexander can obtain the necessary skills to be a positive influence on his children and move toward unsupervised visitation. The specific incidences involving Mr. Alexander and his detrimental effect on the children are ongoing. They have been well documented previously in . . . this matter and continue to be ongoing as reported through counseling session notes of [the children's counselor] provided to this GAL.

SCP at 178.

On January 10, 2014, Commissioner Chlarson ordered Sascha to submit to a psychological evaluation. Sascha did not comply.

Trial was bifurcated and took place before Judge John Knodell over a period of a year and a half. It began on August 24 through 27, 2014, and apparently continued on September 19, 2014. It resumed for a fifth day on September 21, 2015, and a sixth day on February 1, 2016. At the time the GAL testified in September 2015, Sascha had not had visitation with the children for over a year and a half, refusing to engage in the supervised visitation that had been ordered. RP (Sept. 21, 2015) at 39-40.

At the conclusion of the trial, Judge Knodell entered a final parenting plan in which he awarded sole custody of the three children to Rhonda. No visitation between

No. 33131-8-III (consol. w/ No. 34364-2-III)
*In re Marriage of Alexander*

Sascha and the children was ordered, the judge explaining that Sascha "shall receive no visitation until he provides the ordered psychological examination." CP at 1167.[2]

Sascha appeals.

ANALYSIS

On appeal, Sascha is represented by counsel, but his lawyer's submission fails to satisfy the Rules of Appellate Procedure's minimum requirements for an opening brief.

---

[2] Judge Knodell elaborated on why he attached importance to Sascha's failure to submit to the court-ordered psychological examination:

> This can be looked at in several different ways: a discovery violation, contempt of court, and as withholding evidence peculiarly within the father's possession. This last is generally referred to as spoliation.
> Mr. Alexander's failure to comply with the court order is both willful and ongoing. He could have complied at any point before now. Indeed, under the terms of Mrs. Alexander's proposed order, he may still comply. His failure to do so prevents this Court from ascertaining what is in the children's best interests.
> Refusing to undergo the required examination when Mr. Alexander knew his failure to do so would mean no visitation, constitutes willful abandonment. Because his failure to comply with his discovery violation was willful and because it cannot be cured by a lesser sanction, it also justifies the Court in concluding Mr. Alexander should not have any visitation.
> Under circumstances such as are found here, the Court is entitled to infer that the evidence would have been harmful to the father and to find willful abandonment, though it is vital that the children develop a relationship with their father, it is entirely within the father's power to resolve the uncertainty. The Court has only one tool to induce his cooperation. Father shall receive no visitation until he provides the ordered psychological examination.

CP at 1167 (citations omitted).

4

It fails to satisfy RAP 10.3(a)(5), which requires "[a] fair statement of the facts and procedure relevant to the issues presented for review, without argument. Reference to the record must be included for each factual statement." Sascha's statement of the case includes no factual statements and no citations. Br. of Appellant at 5-6.

The brief includes the following assignments of error that include a handful of unhelpful record citations:

[*Assignment of Error 1*]

> The trial court erred in its reliance upon a record which was developed without regard for the inherent bias of the system in place in Grant County. All of the decisions of the trial court are tainted with this bias, as the Court's failure to recuse the Commissioner who made the pre-trial decisions when the Commissioner was incapable of acting without bias.

[*Assignment of Error 2*]

> The trial court erred when it failed to restrain the mother who had a criminal history of domestic violence, and instead restrained the father, who had never been arrested, had never been tried or convicted of any acts of violence.

[*Assignment of Error 3*]

> The trial court erred in relying upon pretrial orders issued by Commissioner Melissa Chlarson, according to the Closing Argument Summary of the father, [Commissioner] Chlarson was a personal friend of Respondent's counsel and is now an associate in her office. [Commissioner] Chlarson refused to review the father's Motion for Spousal Support, and then filed an order denying the motion. When the father

sought a recording of the proceeding, the record was deleted. CP 415, paragraph 6.[3]

[*Assignment of Error 4*]

The trial court erred in awarding custody to the mother and limiting visitation of the father to supervised visits only, when the record before the court demonstrated that the mother had been arrested, tried, and convicted of domestic violence, and that there were multiple declarations filed demonstrating the mother's propensity for violence not only against [Sascha], but also against the children. (CP 726-871).[4]

[*Assignment of Error 5*]

The trial court erred in its final decision on dissolution in its determination of ultimate custody, because the trial court relied in part on the biased rulings of the Commissioner, which created an insurmountable barrier to Appellant. Consequently, the trial court erred in entering its Parenting Plan (CP 1169-1177),[5] its Findings of Facts and Conclusions of Law (CP 1108-1127), its Order of Child Support (CP 1181-1208), its Decree of Dissolution (CP 1128-1146), and its Order on Fees for Intransigence (CP 1216-1217).

Br. of Appellant at 4-5.

The brief fails to satisfy RAP 10.3(a)(6), which requires "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." The only law cited in the opening brief relates to the need

---

[3] This citation is to Sascha's assertion in his closing argument that he requested a record of proceedings and obtained a flawed disc.

[4] This citation is to an entire 150 page submission of public records relating to disputed issues of domestic violence.

[5] This and the remaining citations are simply to the court's findings and orders that Sascha finds objectionable.

for judicial impartiality. How that law was violated is not supported by citation to any specific evidence in the record. The implication is that we should review the almost 1300 pages of clerk's papers and five verbatim reports of proceedings and see if we can divine, ourselves, where error occurred.

Failure to support each assignment of error with appropriate argument and citations to the record waives the assignment. RAP 10.3(a)(5)-(6); *Milligan v. Thompson*, 110 Wn. App. 628, 635, 42 P.3d 418 (2002); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (noting that "[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration"), *review denied*, 136 Wn.2d 1015 (1998); *In re Estate of Lint*, 135 Wn.2d 518, 532, 957 P.2d 755 (1998) (concluding that "[i]t is incumbent on counsel to present the court with argument as to why specific findings of the trial court are not supported by the evidence and to cite to the record to support that argument").

Because the brief falls short in all of these respects, it does not merit judicial consideration.

We also point out that the opening brief does not assign error to any of the trial court's findings, which is required if a party contends that a finding was improperly made. *See* RAP 10.3(g). Judge Knodell's findings are therefore verities for purposes of our review. *In re Welfare of A.W.*, 182 Wn.2d 689, 711, 344 P.3d 1186 (2015) (unchallenged findings of fact are verities on appeal). If we were to entertain Sacha's

inadequately supported assignments of error, the following findings entered on

November 17, 2014, are fatal to them:

> 2.13   . . . .
>
> Petitioner fears for her safety.  Petitioner's fear is reasonable based upon the following conduct of Respondent:
>
> 1.      History of domestic violence against and harassing Petitioner;
> 2.      History of threatening to harm Petitioner;
> 3.      Mental/emotional impairment of Respondent;
> 4.      History of making false reports to CPS;
> 5.      History of violating prior restraining orders;
> 6.      History of taking and withholding children from Petitioner;
> 7.      History of emotional abuse of children and Petitioner;
> 8.      History of physical abuse to children;
> 9.      History of abusive use of conflict; and
> 10.     Inability to report truthful information.

CP at 1110.  The trial court also made the following unchallenged findings in the

Parenting Plan:

> 2.1    Parental Conduct (RCW 26.09.191(1), (2))
>
> The respondent's residential time with the children shall be limited or restrained completely, and mutual decision-making and designation of a dispute resolution process other than court action shall not be required, because this parent has engaged in the conduct which follows:
>
> Physical, sexual or a pattern of emotional abuse of the children.
>
> A history of acts of domestic violence as defined in RCW 26.50.010(l) or an assault or sexual assault which causes grievous bodily harm or the fear of such harm.

2.2     Other Factors (RCW 26.09.191(3))

The respondent's involvement or conduct may have an adverse effect on the children's best interests because of the existence of the factors which follow:

A long-term emotional or physical impairment which interferes with the performance of parenting functions as defined in RCW 26.09.004.

The abusive use of conflict by the parent which creates the danger of serious damage to the children's psychological development.

CP at 1170 (boldface omitted).

The trial court's orders are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Korsmo, J.

9