IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| EDMUND OKOLIE,<br><br>           Appellant,<br><br>      v.<br><br>WASHINGTON STATE DEPARTMENT<br>OF LABOR AND INDUSTRIES,<br><br>           Respondent. | No. 76665-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: March 11, 2019 |

SMITH, J. — Edmund Okolie appeals a superior court's order affirming the Department of Labor and Industries' calculation of his monthly wage for the purposes of workers' compensation. Because Okolie raises no meritorious issues, we affirm the decision of the superior court.

FACTS

In November 2006, Edmund Okolie was injured while working as a handyman for Blessed Trinity Home, an assisted living facility. Okolie filed a workers' compensation claim with the Department in which he listed his monthly wage at the time of injury as $1,014.32.[1]

In January 2007, Blessed Trinity Home submitted an Employer Report of Industrial Injury or Occupational Disease form to the Department. The form listed

---

[1] Former RCW 51.08.178 (1988) governs the determination of compensation for time loss and loss of earning power, which is based on monthly wages the employee was receiving at the time of the injury.

Okolie's rate of pay as "deserves at least $15.00 ph." It also stated that Okolie would receive "[p]rofit sharing when profitable" and listed Okolie as a "partner" of the company. The form did not list Okolie's actual monthly wage.

In March 2008, Blessed Trinity Home's certified public accountant completed the Department's Worker Wage and Employment Information form. The form specified, consistent with Okolie's self-report, that Okolie's monthly wage at the time of injury was $1,014.32. The form also noted that Okolie had received a $1,000 bonus in the prior 12-month period, but did not receive any health care or housing benefit as part of his compensation.

In August 2008, the Department issued an order setting Okolie's gross monthly wage at the time of injury as $1,097.65. The Department reached this figure by prorating Okolie's bonus over 12 months and adding it to the monthly wage of $1,014.32.[2]

Okolie filed a protest of the Department's order. In response, the Department requested 2006 payroll information from Okolie and Blessed Trinity Home. Okolie provided a copy of his 2006 W-2 form, which showed that his wage income was $12,648, consistent with the Department's wage calculation.

In February 2014, the Department affirmed its August 2008 wage calculation.[3] Okolie appealed to the Board of Industrial Insurance Appeals

---

[2] Former RCW 51.08.178(3) requires the Department to average bonuses received from the employer within 12 months of an injury and include that amount in calculating the employee's wages.

[3] The delay resulted from the fact that the Board initially determined that Okolie did not timely protest the Department's August 2008 order. Okolie appealed the Board's decision to the superior court, which reversed the decision and directed the Department to consider the protest timely.

2

(Board), contending that the Department's calculation was incorrect. He argued that his monthly wage was actually $2,100 per month and that his employer also paid for his housing and a cell phone, which he asserted should be included in the wage calculation.[4] In January 2015, an industrial appeals judge affirmed the Department's order, finding that Okolie "provided no evidence, other than assertions, that support his contention his monthly wage calculation is incorrect."

A three-member panel of the Board affirmed the Department's February 2014 order.[5] The panel noted discrepancies in Okolie's various accounts of his monthly wage and found Okolie's representations to be not credible.

The superior court affirmed the Board's decision and adopted its findings of fact. The superior court additionally found that

> [a]t the time of his industrial injury, Mr. Okolie's monthly wage was $1,014.32, and his employer did not provide a housing allowance as part of his wage. In the year prior to his industrial injury, Mr. Okolie's employer gave him a one-time $1,000 bonus.

Okolie appeals.

## DISCUSSION

Washington's Industrial Insurance Act, Title 51 RCW, governs judicial review of workers' compensation cases. Rogers v. Dep't of Labor & Indus., 151

---

[4] Former RCW 51.08.178(1) provides that the term "wages" must "include the reasonable value of board, housing, fuel, or other consideration of like nature received from the employer as part of the contract of hire."

[5] After the Board affirmed, Okolie appealed to the superior court a second time. The superior court remanded to the Board with directions to consider additional portions of the record. The Board did so and again affirmed the Department's February 2014 order.

Wn. App. 174, 179, 210 P.3d 355 (2009). The superior court conducts a de novo review of the Board's decision, relying exclusively on the certified board record. RCW 51.52.115; McCaulley v. Dep't of Labor & Indus., 5 Wn. App. 2d 304, 312, 424 P.3d 221 (2018). The Board's findings and decision are prima facie correct, and the individual challenging the decision has the burden of proof. Spivey v. City of Bellevue, 187 Wn.2d 716, 727, 389 P.3d 504 (2017).

This court reviews the superior court's decision, not the Board's order. RCW 51.52.140. Specifically, we review whether substantial evidence supports the superior court's factual findings and whether the superior court's conclusions of law flow from those findings. Rogers, 151 Wn. App. at 180. Like the superior court, our review is based solely on the evidence and testimony presented to the Board. RCW 51.52.115; Bennerstrom v. Dep't of Labor & Indus., 120 Wn. App. 853, 858, 86 P.3d 826 (2004). We view the record in the light most favorable to the party who prevailed in superior court. Rogers, 151 Wn. App. at 180.

We hold pro se litigants to the same standard as attorneys, and they must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Okolie's claims are conclusory in nature and unsupported by citation to

the record or authority. We are mindful of the difficulties inherent in self-representation and address his claims to the extent possible.

Okolie appears primarily to challenge the Department's wage calculation. But Okolie has not assigned error to any of the superior court's findings regarding his wage calculation, making them verities on appeal. See Nelson v. Dep't of Labor & Indus., 175 Wn. App. 718, 723, 308 P.3d 686 (2013). Nor has Okolie offered any argument or analysis challenging the manner in which the Department calculated his monthly wage. Both the employer's Worker Wage and Employment Information form and Okolie's 2006 W-2 form support the Department's calculation. Okolie provided no evidence to contradict the Department's calculation except for his own unsupported assertions, which the Board found to be not credible. Credibility determinations are for the trier of fact and are not subject to appellate review. Yow v. Dep't of Health Unlicensed Practice Program, 147 Wn. App. 807, 820, 199 P.3d 417 (2008).

Okolie also raises several claims that appear to relate to due process or the appearance of fairness. He contends that the Department concealed the January 2007 Employer Report of Industrial Injury or Occupational Disease form from him. But the record shows that the Department sent the form to Okolie well in advance of the hearing before of the industrial appeals judge. And because the form does not state Okolie's monthly wage nor support any of Okolie's claims regarding his compensation, Okolie does not demonstrate how he was prejudiced in any way. Okolie raises a variety of other claims, including that the superior court (1) was biased against him, (2) improperly allowed the Department

to be the moving party, and (3) failed to determine if he received a copy of the Department's proposed order prior to the hearing. Okolie identifies no specific instances of bias, and this court has discerned none. See State v. Post, 118 Wn.2d 596, 619, 826 P.2d 172, 837 P.2d 599 (1992) (without evidence of actual or potential bias, a claim of judicial bias is without merit). And Okolie does not explain how he was prejudiced by the case designation or his alleged lack of notice of the proposed order. See Burton v. Ascol, 105 Wn.2d 344, 352-53, 715 P.2d 110 (1986) (party asserting lack of notice of presentation of a proposed order must demonstrate prejudice; prejudice is not shown if the party was "allowed to appeal the judgment and to argue the issues it wished to raise").

Finally, Okolie contends that he was denied equal protection. Because Okolie's claim is too conclusory to permit review, we do not address it.

Affirmed.

_____

WE CONCUR:

_____          _____

6