# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54343-5-II |
| Respondent, | |
| v. | |
| JOSEPH BUD MAST, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – Joseph Mast was convicted of second degree burglary and second degree theft. He appeals his conviction of second degree theft, arguing that the evidence was insufficient to prove that he stole property that exceeded $750 in value.

We hold there was sufficient evidence to prove Mast stole property that exceeded $750 in value. Accordingly, we affirm Mast's conviction for second degree theft.

## FACTS

Ryan Vonderau and Clay Watkins, employees at the City of Sumner's wastewater treatment facility, arrived at work early in the morning and discovered that a security alarm had been activated. Watkins went to investigate, when he turned on the lights, he heard someone inside yawn. Upon hearing the yawn, Watkins decided to wait outside for another employee before investigating further.

When the coworker arrived, Watkins and the coworker swept the building but did not find anyone. However, several items, including a wagon, were missing. Footage from a security camera showed an individual pulling a wagon away from the building early in the morning. Other employees, who had begun to arrive at the facility, had noticed someone pulling a wagon down a nearby trail. Watkins was able to locate the wagon nearby. Inside the wagon there was property that was missing from the facility, which included propane tanks, a heater, electrical tools, electrical wire, torque wrenches, and a condenser.

Meanwhile, Vonderau noticed there was a suspicious individual in a dark rain suit near the building and contacted law enforcement. It was unusual for someone to be in the area that early in the morning. Officer Joseph Boulay responded. As Officer Boulay and Vonderau were talking, they noticed the same suspicious individual close to the building again.

Officer Boulay stopped the individual for questioning and identified the individual as Mast. Officer Boulay noticed that the sole of Mast's shoes matched the shoe prints left in the snow next to the wagon and the wagon's trail from the building. A search of Mast's person revealed a bicycle inner tube that matched a bicycle inner tube found in the building.

The State charged Mast with second degree burglary and second degree theft.

At trial, Vonderau estimated the total value of the stolen items was approximately $3,000 and provided the jury with individual estimates for each item. However, Vonderau did not explain how he reached those estimates or whether the estimates were the cost of the items when they were bought, the fair market value of the items, or replacement costs.

When Watkins was asked what he estimated the total value of the stolen items was, Watkins responded, "There was *a* guesstimate of 7, $800." 3 Verbatim Report of Proceedings at 342

(emphasis added). But Watkins made clear that was not his personal estimate because he then clarified that the electrician's tool bag alone was worth $1,500. Watkins explained that an electrician had just been hired and that the electrician had spent $1,500 on brand new tools.

The jury found Mast guilty of second degree burglary and second degree theft.

Mast appeals.

## SUFFICIENCY OF THE EVIDENCE

Mast contends that the State failed to prove that the market value of the property that Mast stole exceeded $750.

Taking the evidence in the light most favorable to the State, we hold that the evidence is sufficient to prove that that the market value of the property that Mast stole exceeded $750.

A. LEGAL PRINCIPLES

The State must prove, beyond a reasonable doubt, every element of a crime. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). When reviewing challenges to the sufficiency of the evidence to sustain a conviction, we ask "whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt." *Id.* at 105. A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences arising from that evidence. *Id.* at 106. Direct and circumstantial evidence are equally reliable. *State v. Cardenas-Flores*, 189 Wn.2d 243, 266, 401 P.3d 19 (2017). "[I]nferences based on circumstantial evidence must be reasonable and cannot be based on speculation." *State v. Vasquez*, 178 Wn.2d 1, 16, 309 P.3d 318 (2013). Appellate courts defer to the trier of fact on issues of "conflicting testimony, credibility of witnesses, and persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821,

874-75, 83 P.3d 970 (2004). We review de novo a challenge to the sufficiency of the evidence. *State v. Frahm*, 193 Wn.2d 590, 595, 444 P.3d 595 (2019).

Under RCW 9A.56.040(1)(a) a person is guilty of second degree theft if that person commits theft of property, other than a firearm or motor vehicle, that exceeds $750 in value but does not exceed $5,000 in value. The value of the property is the market value of the property in the approximate area of the theft and at the time of the theft. RCW 9A.56.010(21)(a). "Market value is the price a well-informed buyer would pay to a well-informed seller, when neither is obliged to enter the transaction." *State v. Jussila*, 197 Wn. App. 908, 934, 392 P.3d 1108 (2017). Evidence of the price paid for the property is entitled to great weight, but the purchase "must not be too remote in time." *Id*.

B. ANALYSIS

Mast relies on *State v. Williams*, 199 Wn. App. 99, 398 P.3d 1150 (2017), to argue that the employees' testimony was insufficient to establish the value of the stolen items. In *Williams*, the court reversed a conviction for second degree possession of stolen property because there was insufficient evidence to establish that the value of the stolen property met the minimum value requirement. *Id.* at 111. At trial, the owner of the stolen property testified that the value of stolen property was around $800. *Id.* at 103, 105. The court noted that the owner's estimate was close to the required minimum of $750, and that the owner did not provide a description of the property's condition, the purchase price, or the purchase date. *Id.* at 111. Additionally, the owner was only asked about the "value" of the property, not the "market value." *Id.* The court emphasized that because the State did not ask the owner about the market value, it did not know whether the

owner's $800 estimate was based on the purchase price, replacement costs, or some intrinsic value to the owner. *Id.*

Mast also relies on *State v. Ehrhardt*, 167 Wn. App. 934, 944-47, 276 P.3d 332 (2012), where the court reversed a second degree theft conviction because there was insufficient evidence to establish that the value of the stolen property met the required minimum. The State introduced photos of the stolen property and called a witness to establish the value of the stolen property. *Id.* at 938. Two of the stolen items, the air compressor and pressure washer, "were essentially new," allowing the jury to find current market value based on the testimony regarding the cost of the items. *Id.* at 945. However, the witness' testimony about the cost of the rotary hammers and nail guns was inadequate to establish the value of those items. *Id.* at 945-46. The witness did not testify about the condition of the rotary hammers and nail guns, which had been used in a professional construction for approximately three years, so the current value of the used items was unknown. *Id.* Because the value of the rotary hammers and nail guns could not be established, the State was unable to meet the $750 minimum required. *Id.* at 946.

*Williams* and *Ehrhardt* do not support Mast's position that there was insufficient evidence. Unlike the witness in *Williams*, Watkins explained how he arrived at a certain value for the items; he used the recent purchase price. 199 Wn. App. at 111. Additionally, unlike *Williams*, $1,500 is not close the required minimum of $750. *Id*. Furthermore, *Ehrhardt* actually supports the State's position. In *Ehrhardt*, because the air compressor and pressure washer "were essentially new," the court noted that the jury would be able to find that the cost of those items to be their current market value. 167 Wn. App. at 945. Because the electrician's tools that Mast stole were brand new, the

jury here would have been able to find that the cost of the tools, $1,500, was the current market value. *Id.*

Here, there was sufficient evidence to establish that Mast stole property of a value that exceeded $750. Watkins testified that the electrician's tools were worth $1,500 and explained that he knew the value of the tools because $1,500 is how much the electrician spent on the tools. Watkins also explained that the electrician had just been hired and that all the tools were brand new. Because Watkins' testimony is evidence of the purchase price that is "not [ ] too remote in time" it is entitled to great weight. *Jussila*, 197 Wn. App. at 934. Based on the value of the electrician tools alone, there was sufficient evidence that Mast stole property that was at least $750 in value.[1]     We conclude, taking the evidence in the light most favorable to the State, the evidence is sufficient to support the jury's verdict.

---

[1] Mast also challenges Watkins' testimony by claiming that "the basis for [Watkins'] knowledge is at best second hand." Br. of Appellant at 12. However, the record does not support Mast's contention that Watkins' knowledge was second hand. To the extent Mast is arguing that the jury should not have found Watkins to be credible, we decline to consider it. It is not our role to make credibility determinations or weigh the evidence; we defer to the jury's judgment on these matters. *Thomas*, 150 Wn.2d at 874-75.

Additionally, Mast may be trying to raise an ER 602 challenge, lack of personal knowledge, if so, we decline to consider it. Mast failed to preserve it for appeal by not raising this objection below. RAP 2.5(a). Additionally, Mast did not assign error on appeal and he does not provide any ER 602 argument or legal citations on appeal. A party must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). "Passing treatment of an issue or lack of reasoned argument" does not merit our consideration. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

No. 54343-5-II

CONCLUSION

We hold that the evidence is sufficient to show that the market value of the property that Mast stole exceeded $750.

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

GLASGOW, A.C.J.

VELJACIC, J.