**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON ex rel. LARRY KASOFF, | No. 85604-9-I-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| HARRIS & HARRIS, LTD., an Illinois corporation, | |
| Respondent. | |

MANN, J. — Larry Kasoff, acting as relator for the State of Washington, appeals a trial court order dismissing his Washington Collection Agency Act[1] (WCAA) claims against out-of-state collection agency Harris & Harris, Ltd. under CR 12(c). We affirm.

I

Harris is an Illinois-based debt collection agency. Since 2003, Harris has held an out-of-state collection license in Washington. Harris's Washington clients include the City of Seattle and Providence Health & Services Washington.

On March 24, 2023, Kasoff sued Harris as relator for the State of Washington under the Uniform Regulation of Business and Professions Act (URBPA), ch. 18.235 RCW. The complaint alleged that Harris was operating outside the scope of its out-of-

---

[1] Ch. 19.16 RCW.

state collection agency license, and making related misrepresentations, in violation of the WCAA. Kasoff sought an injunction enjoining Harris from continuing to operate as an in-state collection agency until it is properly licensed as such, as well as a money judgment in the Department of Licensing (DOL)'s favor, costs, and other declaratory and injunctive relief.

The complaint also noted that in 2022, the Attorney General of the State of Washington had sued Harris alleging WCAA violations related to Harris's work on behalf of Providence. Unlike Kasoff, the attorney general did not allege that Harris had committed any licensing violations.

Shortly after Kasoff filed suit, Harris applied for an in-state collection license and moved for judgment on the pleadings under CR 12(c). Harris asked the court to take judicial notice of the pending in-state license application and asserted that the complaint would be rendered moot once the in-state license was issued. Harris also argued that Kasoff lacked standing to assert WCAA claims pursuant to URBPA and that Harris had substantially complied with the WCAA's licensing requirements by holding an out-of-state license for the past 21 years.

Kasoff argued that URBPA conferred standing and that creditors and debtors are not adequately protected by Harris's out-of-state license. He also urged the court to disregard Harris's pending in-state license application, argued that the application did not render the action moot, and asserted that he should be allowed to amend or supplement the pleadings to address subsequent events. In reply, Harris argued that Kasoff had conceded to Harris's substantial compliance argument by failing to oppose

it. Harris also pointed out that its in-state license had been approved and argued that the lawsuit was now moot.

On June 30, 2023, following a hearing, the trial court granted Harris's motion and dismissed Kasoff's complaint with prejudice. The court determined that Harris had "substantially complied with Washington State's collection agency licensing statutes (RCW 19.16.110 in particular)" and that Kasoff "failed to address this issue in his opposition and is deemed to have conceded this point." The court also determined that the action was moot because the DOL had amended Harris's out-of-state license to confer an in-state license. Finally, the court concluded that because Harris is now properly licensed and the attorney general is already pursuing claims against Harris, allowing Kasoff to amend the complaint would be futile. The court declined to address Harris's assertion that Kasoff lacked standing.

Kasoff appealed.[2]

II

Kasoff assigns error to the dismissal of his complaint. He contends that the court erred in determining that the action was moot because Harris obtained its in-state collection agency license during the pendency of the action. We disagree.[3]

---

[2] Harris moved to strike certain portions of Kasoff's appellate brief and appendices, arguing that Kasoff failed to raise certain arguments or identify certain evidence and materials before the trial court. Kasoff filed a response to the motion to strike. After considering the briefing of both parties, the motion to strike is granted.

[3] We assume without deciding that Kasoff had standing as relator for the State of Washington to file this complaint. URBPA authorizes the DOL and assorted boards to regulate their respective professions and discipline individuals and businesses that violate the law. See RCW 18.235.005; RCW 18.235.020. URBPA authorizes "[t]he attorney general, a county prosecuting attorney, the director, a board or commission, or any person" to "maintain an action in the name of the state of Washington to enjoin any person practicing a profession or business without a license for which a license is required by the chapters specified in RCW 18.235.020." RCW 18.235.150(8) (emphasis added). Collection agencies may be sanctioned for violating the statutes governing collection agencies in chapter 19.16 RCW. See RCW 18.235.020(2)(b)(ii).

Generally, this court does not review a moot case.[4] Westerman v. Cary, 125 Wn.2d 277, 287, 892 P.2d 1067 (1994). " 'A case is technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief.' " Josephinium Assocs. v. Kahli, 111 Wn. App. 617, 622, 45 P.3d 627 (2002) (quoting Snohomish County v. State, 69 Wn. App. 655, 660, 850 P.2d 546 (1993)). " 'The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.' " City of Sequim v. Malkasian, 157 Wn.2d 251, 259, 138 P.3d 943 (2006) (quoting 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.3, at 261 (2d ed. 1984)). Mootness is a question of law we review de novo. Wash. State Commc'n Access Project v. Regal Cinemas, Inc., 173 Wn. App. 174, 204, 293 P.3d 413 (2013).

The core of Kasoff's complaint was that Harris was unlawfully operating as an unlicensed in-state collection agency. "The WCAA, chapter 19.16 RCW, enacted in 1971, requires collection agencies to obtain a license, follow certain internal procedures, and adhere to a code of conduct." Gray v. Suttell & Assocs., 181 Wn.2d 329, 344, 334 P.3d 14 (2014); RCW 19.16.110 ("No person shall act, assume to act, or advertise as a collection agency or out-of-state collection agency as defined in this chapter, except as

---

[4] For the first time in his reply brief, Kasoff suggests that this court should reach the merits of this case because it presents an issue that is "capable of repetition, yet evading review." This argument implicates the public interest exception to the mootness doctrine. See Eyman v. Ferguson, 7 Wn. App. 2d 312, 320, 433 P.3d 863 (2019) (We may still decide a case if it involves "matters of continuing and substantial public interest."). But "[a]n issue raised and argued for the first time in a reply brief is too late to warrant consideration." Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Moreover, Kasoff did not adequately brief it. See Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." We decline to consider whether we should reach the merits of this moot appeal as a matter of continuing and substantial public interest.

authorized by this chapter, without first having applied for and obtained a license from the director."). When a collection agency tries to collect debt from Washington residents on behalf of Washington creditors, the collection agency is required to hold an in-state license, regardless of the collector's physical location. See RCW 19.16.100(5) (defining "collection agency"); RCW 19.16.100(12) (defining "out-of-state collection agency"). Harris is now properly licensed as an in-state debt collector under RCW 19.16.110. To the extent that that Kasoff's complaint sought relief on this basis, the matter is moot.

Kasoff contends that the matter is not moot because the action was not limited solely to enjoining Harris's unlicensed in-state activities. He contends that his complaint alleged other WCAA violations arising from Harris's unlicensed actions which the court must address, such as penalties imposed for operating without a proper license under RCW 19.46.430. He also contends that the State must be allowed to punish Harris for its past actions in order to deter other out-of-state collection agencies from similar behavior. But as Kasoff noted in his complaint, the attorney general was already pursuing WCAA claims against Harris when Kasoff's complaint was filed. That lawsuit was still pending when the trial court dismissed Kasoff's complaint. Because the attorney general could amend the complaint to allege other WCAA claims against Harris, the trial court correctly determined that allowing Kasoff leave to amend his complaint would be futile, and it properly dismissed the complaint with prejudice.

Kasoff also argues that the trial court erred in concluding that Harris substantially complied with WCAA. Given our conclusion that the matter is moot, we need not reach Kasoff's remaining challenges to the trial court's order of dismissal.

Affirmed.

_____
Mann, J.

WE CONCUR:

_____         _____
Birk, J.                                   Dwyer, J.