# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re Guardianship/Conservatorship of:<br><br>EVAN CHRISTOPHER STOCKER<br><br>               Petitioner. | No. 87732-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Victoria Stocker, proceeding pro se, appeals the trial court's order dismissing her guardianship complaint against Summit NPC regarding the care of her adult son. Because Stocker fails to comply with the basic appellate rules in several meaningful respects, we dismiss her appeal without reaching the merits and grant Summit NPC's request for attorney fees incurred herein.

Stocker summarily argues that the trial court erred by failing to acknowledge the seriousness of a conservator refusing to pay rent for a vulnerable adult and by failing to acknowledge a professional guardian's testimony. Although Stocker represents herself on appeal, pro se litigants must comply with the same procedural and substantive requirements as attorneys. *In re Vulnerable Adult Pet. for Winter*, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). If a litigant fails to do so, the court may decline to reach the merits of that party's arguments. *See State*

*v. Wheaton*, 121 Wn.2d 347, 365, 850 P.2d 507 (1993); *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998).

Contrary to basic appellate rules, Stocker's argument is conclusory, lacks citation to any legal authority, and is unsupported by legal analysis. RAP 10.3(a)(6). Such "[p]assing treatment of an issue" and "lack of reasoned argument" does not merit judicial consideration. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Nor does Stocker provide record citations in stating the operative facts, as required by RAP 10.3(a)(5). Because Stocker's two-page brief consists entirely of bald assertions lacking cited factual and legal support, she "has failed to present developed argument for our consideration on appeal." *West v. Thurston County.*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012). Accordingly, we do not—because we cannot—address any asserted errors. We therefore grant Summit NPC's request that we dismiss Stocker's appeal on this basis.

Summit NPC also requests an award of attorney fees pursuant to RAP 18.1 and RCW 11.96A.150 for fees incurred in responding to Stocker's appeal. RAP 18.1(a) allows a party to recover attorney fees incurred on appeal where applicable law permits such a recovery. RCW 11.96A.150(1) provides an appellate court with discretion to award costs, including reasonable attorney fees, in guardianship litigation. *Matter of Guardianship of Mesler*, 21 Wn. App. 2d 682, 720, 507 P.3d 864 (2022) (awarding fees to substantially prevailing party in guardianship appeal). Stocker has not filed a reply brief opposing this request. Because Stocker's brief fails to comply with the applicable rules in numerous respects and fails to present any reasoned argument, we exercise our discretion under RCW 11.96A.150(1) to

No. 87732-1-I

award Summit NPC its reasonable attorney fees on appeal subject to compliance
with RAP 18.1.

DISMISSED.

_Feldman, J._

WE CONCUR:

_Coburn, J._          _Mann, J._