IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Estate of CONSTANCE ELAINE LITTLE, | ) ) ) | No. 78082-4-I |
| Deceased. | ) ) | DIVISION ONE |
| ROXANNE L. TREES, Individually and as the Personal Representative of the Estate of Constance Little, | ) ) ) ) | |
| Respondent, | ) ) | PUBLISHED OPINION |
| v. | ) ) ) | |
| RENAE K. ROBERSON, | ) ) | |
| Appellant. | ) | FILED: June 24, 2019 |

SCHINDLER, J. — A separate document in existence at the time a will is executed may qualify both for incorporation by reference under RCW 11.12.255 as to distribution of the estate and as a "gift list" for tangible personal property under RCW 11.12.260. The terms of the will of Constance Elaine Little and the undisputed record establish the intent of Little to incorporate by reference a separate document that directs distribution of the estate and tangible personal property. We affirm the superior court order.

The Last Will and Testament of Constance E. Little

The facts are undisputed. Renae Roberson and Roxanne Trees are the adult daughters of Constance Elaine Little and Royal Little. Royal Little died in 2008.

On July 20, 2011, Constance executed her will that incorporated by reference a separate gift list. The July 20, 2011 "Last Will and Testament of Constance E. Little" states, in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That I, CONSTANCE E. LITTLE, a/k/a CONNIE E. LITTLE, a resident of the State of Washington, of legal age, declare this to be my last Will and hereby revoke all former Wills and Codicils by me made.

FIRST:  I declare that I am a widow and that I have two children, namely; ROXANNE LAREE TREES, whose birth date is September 6, 1945, and RENAE KAY ROBERSON, whose birth date is November 30, 1946.

SECOND:  I do hereby state that it is my intent to prepare a gift list separate from this Will for the purpose of disposition of tangible personal property, mementos and family heirlooms pursuant to RCW 11.12.260. . . .

THIRD:  Except as provided in the list described in Paragraph SECOND above . . . , after the payment of all just claims against my Estate, I make the following special bequests:

A.  Unto my sister, JUDITH LAREE FJELLMAN, born June 26, 1943, I hereby give, devise and bequeath ONE PERCENT (1%) of the residue of my estate . . . .

B.  All of the rest, residue and remainder of my property I give, devise and bequeath equally unto my children, ROXANNE LAREE TREES and RENAE KAY ROBERSON, share and share alike . . . .

FOURTH:  I hereby nominate and appoint my daughter, ROXANNE L. TREES, as Personal Representative of my Estate, to serve without bond and I direct that this Will be probated as a nonintervention Will. I further authorize and direct said Personal Representative to sell, mortgage, lease or convey or otherwise deal with the property of my Estate in the same manner as I could do were I then living and whether or not it be necessary to do so in order to pay claims against my Estate or expenses of administration.

Little also executed the "Gift List" on July 20, 2011. Little's handwritten note on the Gift List states, "Attach to my will at Yakima County Court House." The Gift List expressly provides, "I do hereby state that this is a separate gift list that accompanies my last will and testament dated July 20, 2011." Little unequivocally directs "my Executor, Roxanne Trees," to "first reduce Renae Kay Roberson's half of my estate

2

using the bolded amount values listed below and for the reasons provided in I, II, III, and thence to distribute the remaining items in the order listed." Sections I, II, and III of the Gift List state:

**I. Since Renae Roberson has already received or taken these items, I wish to acknowledge the following reduction from her ½ portion designated in my estate, and add it to Roxanne Trees Portion, in the following amounts:**
1. My husband, Royal's Diamond Ring - Renae received in Spring 2011 - ($6000 - Deduct ½ value @ **$3000**)
2. My husband, Royal's Chevy vehicle signed over to Renae in Fall 2008, then sold by her ($27,000 - Deduct ½ value @ **$13,500**)

**II. Renae Roberson has taken charge of these items without complete permission by me and/or through documentation to me of their current whereabouts and dispensation, as of this date. I wish to acknowledge the following reductions from her ½ portion of my estate and accountability measures of re-instatement.** Within (15) fifteen business days after the reading of this will, if Renae Roberson has not satisfactorily acknowledged return, replacement, the whereabouts, or accountability of these items of my estate that she handled, prior to my death, I direct my executor to reduce Renae's portion of my estate proportionally and accordingly, using the itemized reductions. . . . Bolded reductions include the following items and transactions:
1. My husband, Royal Little's gun collection given to Renae for safekeeping 2005-2008, and not accounted for since then (**$6000**).
2. Government Bonds for Royal Little/Constance E. Little totaling (**up to $60,000**) which were misplaced or lost by me and recovery actions were instituted and taken by Renae in July 2011 per the managers at the Yakima Valley Credit Union, Yakima, WA where I cashed other bonds.
3. My personal collection of coins in blue/green collection folders, including: (i.e. pennies, dimes, nickels, or quarters) which Renae took without permission or for safekeeping, and were noted as missing in early September 2011 (**$5000**).

**III. Renae acquired these documented funds from me for her own purposes over time, and I wish to acknowledge these as reductions from her ½ portion of my estate.**
Personal funds and loans made to Renae by me include: **$3000** (in 2010) and **$12,000** @ $500 per month (during 2010-2011) to pay off Renae's personal loan of $55,000 to Margie Buchholz. (**Total: $15,000**).[1]

---

[1] Emphasis in original; boldface in original.

The Gift List also states that "$10,000 shall be deducted first, and provided to each of my grandchildren, Ryan Trees and Stacey Fataua," and "$500 each to the Meridian School Foundation (Bellingham, WA); YCTV,[2] and Parker Youth Foundation, (Yakima, WA)." The Gift List directs distribution of "tangible personal property, mementos and family heirlooms pursuant to RCW 11.12.260" as follows:

Identified Historical items to the Yakima Valley Agriculture Museum, Union Gap, WA; to Perry Institute, Yakima, WA; to the Yakima Valley Museum, Yakima, WA[.]

Identified Historical items to the Meridian School Foundation, Bellingham, WA[.]

Renae Roberson, my camera equipment and videos, her paintings and items given by her will be returned to her.

Roxanne Trees, all books, costumes, jewelry and coin collections, Indian items and items given by her will be returned to her.

Ryan Trees, his Grandfather Royal's car tools and Great Grandfather Merrel's tools and the red trailer or its equal value.

All mementos and items of family history (Little, Fjellman families) and all those I possess, including all photos, videos, documents, family movies, scrapbooks, letters and genealogy items will all be returned to Roxanne Trees for safekeeping.[3]

On August 4, 2011, Little executed a new will. The August 4, 2011 will directs distribution of $10,000 to each of her two grandchildren and $104,000 to Trees, "all to be her sole and separate estate per stirpes." The will states the "residue and remainder" of the estate is bequeathed 1 percent to her sister and 48.5 percent to each of her two daughters, Roxanne Trees and Renae Roberson.

---

[2] Yakima Community Television.

[3] The record does not show whether Little filed the Gift List at the Yakima County Courthouse.

On September 16, 2011, Little revoked the August 4, 2011 will and reinstated the July 20, 2011 will:

> Re: LAST WILL AND TESTAMENT
>
> To whom it may concern:
>
> I Constance E. Little have revoked and withdrawn this will and any attached codicils.
>
> I intend that my only valid last will and testament dated July 20, 2011 is to be effective immediately upon my death and be in place from this day forward. It was prepared and reviewed with me by my own personal attorney, Kevin Kirkevold, Yakima, WA and was properly witnessed, notarized, and filed in Yakima County on July 20, 2011.

Little executed another "Gift List" on September 16, 2011. Except for the absence of the handwritten note, the Gift List is identical to the one she signed on July 20, 2011.

Probate

Little died on February 4, 2013. On February 15, Trees filed a "Notice of Appointment and Pendency of Probate Proceedings." Trees filed a petition for an order to admit the will to probate and appoint her as the personal representative. Trees submitted the original July 20, 2011 Last Will and Testament of Constance E. Little; the affidavits of witnesses to the execution of the will; the August 4, 2011 will; and the September 16, 2011 revocation of the August 4, 2011 will. The court admitted the July 20, 2011 will to probate and entered an order of solvency.

On February 15, 2013, the court appointed Trees as the personal representative of the estate of Constance Elaine Little (the Estate) with nonintervention powers and without bond.

On August 19, 2015, Trees filed the "First Interim Report and Accounting" for February 4, 2013 through December 31, 2014 and a petition for "[r]eimbursement" of

"[a]dvances by PR"[4] to the Estate. Trees submitted copies of the Gift List that Little executed on July 20, 2011 and on September 16, 2011 as "Exhibits E and F." Trees provided an "Attorney-in-Fact Accounting" of all the transactions made by Trees and Little from September 2011 until Little's death in February 2013. Trees requested the court order Roberson to file an accounting. Trees asserts that absent an accounting from Roberson, "it is premature to order any reductions" to her share of the Estate.

> The July 20, 2011 separate writing was executed contemporaneously with the Will dated July 20, 2011 and is incorporated by reference in the Will per RCW 11.12.255. However, it is premature to order any reductions to the distributive share of Renae Roberson because the issue of "reduction" may be addressed in her accounting.
>
> . . . Renae Roberson and Roxanne Trees both served as agents under separate powers of attorney for their mother, Constance Little. Both Renae Roberson and Roxanne Trees should file accountings. Furthermore, the "Gift Lists" contain a provision that Renae Roberson should account for her activities. See Exhibits E and F.

The First Interim Report states that as of December 31, 2014, the balance of the Estate bank account was $70,281.52, the Estate owned a two-thirds interest in the residential property in Yakima, and the Federal Way property had been sold by court order. The First Interim Report states the sale of the Federal Way property resulted in net proceeds of $132,825.61. Trees sought court approval to sell the two-thirds interest in the Yakima property. Trees notes she owns the other one-third interest and is "readying the property for sale." Trees requested approval of the Attorney-in-Fact Accounting and issuance of an order requiring Roberson to "account for her activities while serving as Agent and also for any other activities undertaken with respect to assets held by Constance E. Little."

---

[4] Personal representative.

6

The court scheduled a hearing for October 28, 2015. The court ordered Roberson to appear and show cause why she had not prepared an accounting.

Roberson represented herself pro se. In response, Roberson filed an objection to the First Interim Report. At the hearing on October 28, 2015, the superior court commissioner approved the First Interim Report but reserved ruling on the request to order Roberson to file an accounting.

Approximately two years later on November 30, 2017, Trees filed the "Final Report, Accounting, and Petitions for Distribution of Assets and for Decree of Distribution" (Final Report). The Final Report states Roberson filed three creditor claims against the Estate: (1) A claim for funeral expenses, (2) a claim for house repairs in the amount of $51,659.99, and (3) a claim for "services" in the amount of $7,500.00. The report states Trees reimbursed Roberson for the funeral expenses but made only "a partial payment" to Roberson of $20,000.00 for the house repairs because the "Estate lacked liquidity," and rejected the claim for "services."

The Final Report identifies $133,478.29 in the Estate bank account and $163,498.98 from the court-approved sale of the Yakima property. The Final Report states Trees followed the directive for "reductions to the distributive share of Renae Roberson and cash gifts to Ryan Trees, Stacey Fataua, Meridian School Foundation, YCTV, and Parker Youth Foundation" and "disposition of certain tangible personal property."

Roberson contested the Final Report. Roberson asserted the Gift List did not meet the statutory requirements for incorporation by reference under RCW 11.12.255 because it was not in existence "when the will [was] executed" and the will did not identify the writing or "manifest the intent to incorporate the writing" into the will.

7

Roberson argued the Gift List was invalid because it "was never admitted to probate with the Will" and the "monetary gifts are all void as a matter of law" because the monetary gifts are not tangible personal property under RCW 11.12.260.

At the conclusion of the hearing on the Final Report and petition for decree of distribution, a superior court commissioner entered the "Decree of Distribution." The Decree of Distribution states the actions of the personal representative "during this accounting period were reasonable, necessary, and furthered the administration of the Estate." The commissioner concluded, "Said actions should be ratified, confirmed, and approved." The Decree of Distribution approves the Final Report and authorizes the proposed distribution:

1. The Final Report is approved.
2. The Cash Accounting for the period from January 1, 2015 through September 8, 2017 is approved.
3. The actions of the PR during this accounting period are ratified, confirmed, and approved.
4. The PR shall distribute the remaining net assets of the Estate as provided for in the formula outlined in the Proposed Distribution Worksheet of Cash attached as Exhibit D to the underlying Final Report.
5. Any personal property that is not picked up by Renae Roberson within 30 days of the entry of this Decree of Distribution shall be deemed to have been abandoned by Renae Roberson.

The commissioner entered findings of fact and conclusions of law. The Decree of Distribution states the "total amount of the reductions to the distributive share of Renae Roberson provide[d] for in the Gift List is $122,000." The findings of fact state the "Gift List is specifically referenced and described at Articles Second and Third of the Will." The commissioner concluded the "Gift List is incorporated by reference in the Will under RCW 11.12.255"; the "provisions of the Gift List detail the testator's reasons for the reductions to Renae Roberson's distributive share at Items I, II, and III"; and the

8

"Gift List manifests the testator's inten[t] to equalize the advancements made to Renae Roberson during the testator's lifetime." The commissioner concluded the Gift List also "disposes of tangible personal property" under RCW 11.12.260.

Motion for Revision

Roberson filed a motion to revise the commissioner order approving the Decree of Distribution. Roberson argued the Gift List was unenforceable because it was not filed with the probate petition and did not meet the requirements of RCW 11.12.255 or RCW 11.12.260.

The superior court denied the motion for revision and affirmed the decision of the commissioner to approve the Decree of Distribution. The court found there is "no evidence of undue influence or wrongdoing." The court concluded there is "no requirement that the gift list be filed" with the will and Roberson had the will "or access to it . . . for a few years and had an opportunity to address the issues in the gift list." The court entered the following findings:

> The court agrees with the Commissioner that RCW 11.12.255 is the controlling statute.
> The will referenced the gift list.
> The gift list existed at the time the Will was signed.
> The gift list was redated and mentioned again three months later.
> It is clearly referenced in the Will.

Appeal of Superior Court Order

Roberson appeals the superior court order denying the motion to revise the decision of the superior court commissioner to approve the Decree of Distribution.[5]

---

[5] We hold a pro se litigant to the same standard as an attorney. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6); Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Holland, 90 Wn. App. at 538.

9

The decision of a court commissioner is subject to revision by the superior court. RCW 2.24.050.[6] RCW 2.24.050 states, in pertinent part:

All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court. Any party in interest may have such revision upon demand made by written motion, filed with the clerk of the superior court, within ten days after the entry of any order or judgment of the court commissioner. Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner.

On revision, the superior court reviews de novo the findings of fact and conclusions of law of the commissioner based upon the evidence and issues presented to the commissioner. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). The superior court can adopt the decision of the commissioner "either expressly or by clear implication from the record." In re Dependency of B.S.S., 56 Wn. App. 169, 170, 782 P.2d 1100 (1989).

We review the superior court decision on appeal. Ramer, 151 Wn.2d at 113. Unchallenged findings of fact are verities on appeal. In re Estate of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). "An appellate court will uphold challenged findings of fact and treat the findings as verities on appeal if the findings are supported by substantial evidence." Jones, 152 Wn.2d at 8. Substantial evidence is "evidence that is sufficient to persuade a rational, fair-minded person of the truth of the finding." Jones, 152 Wn.2d at 8. An appellate court reviews conclusions of law de novo. Jones, 152 Wn.2d at 8-9.

RCW 11.12.255 and RCW 11.12.260

Roberson contends the court erred in denying the motion to revise the commissioner decision to approve the Decree of Distribution. Roberson asserts the Gift

---

[6] See also WASH. CONST. art. IV, § 23.

List does not meet the requirements of either RCW 11.12.255 or RCW 11.12.260 and is unenforceable.

We review a decree of distribution to ensure it is in accord with the intent of the testator's will and applicable law. In re Estate of Wegley, 65 Wn.2d 689, 695, 399 P.2d 326 (1965). The interpretation of a will is a question of law that we review de novo. In re Estate of Curry, 98 Wn. App. 107, 112-13, 988 P.2d 505 (1999). The paramount duty of the court is to give effect to the testator's intent when the will was executed. In re Estate of Bergau, 103 Wn.2d 431, 435, 693 P.2d 703 (1985); In re Estate of Price, 73 Wn. App. 745, 754, 871 P.2d 1079 (1994). If possible, the court must determine the testator's intent from the language of the will as a whole. Bergau, 103 Wn.2d at 435. Specific provisions must be construed in the context of the entire will. In re Estate of Riemcke, 80 Wn.2d 722, 728, 497 P.2d 1319 (1972); Curry, 98 Wn. App. at 113. The court must consider the will in its entirety. In re Estate of Mell, 105 Wn.2d 518, 524, 716 P.2d 836 (1986).

Statutory interpretation is a question of law that we review de novo. Jones, 152 Wn.2d at 8-9; Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). We look to the plain meaning of the statute as the expression of legislative intent. Bostain v. Food Express, Inc., 159 Wn.2d 700, 708, 153 P.3d 846 (2007). We discern plain meaning from the plain language of the statute, "considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." Columbia Riverkeeper v. Port of Vancouver USA, 188 Wn.2d 421, 432, 395 P.3d 1031 (2017). If the plain language of the statute is subject to only one interpretation, the inquiry ends. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d

11

1283 (2010). Statutes relating to the same subject are construed together and in ascertaining legislative intent, the court harmonizes and reads the statues together as constituting a unified whole. In re Estate of Black, 153 Wn.2d 152, 164, 102 P.3d 796 (2004).

RCW 11.12.255 states a will may incorporate by reference a writing that is in existence when the will is executed. RCW 11.12.255 states:

> A will may incorporate by reference any writing in existence when the will is executed if the will manifests the testator's intent to incorporate the writing and describes the writing sufficiently to permit its identification. In the case of any inconsistency between the writing and the will, the will controls.

Roberson argues the Gift List was not in existence when Little executed the will and the will does not manifest Little's intent to incorporate the Gift List by reference. The record does not support her argument. The undisputed record establishes the Gift List was in existence when Little executed the will on July 20, 2011 and reinstated the will on September 16, 2011. The uncontroverted record establishes Little executed the same Gift List when she executed her will first on July 20, 2011 and again on September 16, 2011 when she revoked the August 4, 2011 will and reinstated the July 20, 2011 will.

Roberson contends the will does not manifest an intent to incorporate the Gift List because the will does not "mention cash gifts" or reductions to Roberson's "share of the estate."

The plain and unambiguous language of RCW 11.12.255 unequivocally states, "A will may incorporate by reference any writing in existence when the will is executed if the will itself manifests the testator's intent to incorporate the writing." "Washington courts have consistently interpreted the word 'any' to mean 'every' and 'all.' " Stahl v.

12

<u>Delicor of Puget Sound, Inc.</u>, 148 Wn.2d 876, 884-85, 64 P.3d 10 (2003). The Gift List is a writing that the will incorporates by reference.

The language of the will unambiguously manifests the intent of Little to incorporate the Gift List by reference and direct distribution of the Estate and monetary gifts. The will expressly references the Gift List in "Paragraph Second." Paragraph Second states Little intends to prepare the Gift List "separate from this Will for the purpose of disposition of tangible personal property, mementos and family heirlooms pursuant to RCW 11.12.260." In "Paragraph Third," the will states, "Except as provided in the list described in Paragraph SECOND above," Little directs the executor to make the deductions and distribute the money gifts and personal property "as provided in the list" before distributing the remainder of the Estate. See <u>Woodard v. Gramlow</u>, 123 Wn. App. 522, 526-29, 95 P.3d 1244 (2004) (a separate writing directing the proceeds from a life insurance policy into a testamentary trust was incorporated under RCW 11.12.255).

<u>Baarslag v. Hawkins</u>, 12 Wn. App. 756, 531 P.2d 1283 (1975), is distinguishable. In <u>Baarslag</u>, the will stated the testator gives " 'the bulk of my property' " to "seven named 'devisees-trustees' in an 'unlimited trust' " to be "used 'for certain purposes which are dear to my heart, and which are known to my Executor and the devisees-trustees hereinafter named, in accordance with oral and written directions that I have given to them' " as " '[g]uidelines.' " <u>Baarslag</u>, 12 Wn. App. at 757-58. Because the will did "not refer to the handwritten guidelines by name" or date, we concluded the will did not sufficiently identify the handwritten guidelines as "a writing intended by the testator to be incorporated by reference into his will" under RCW 11.12.255. <u>Baarslag</u>, 12 Wn. App. at 762-63. We held the vague reference in the will to " 'written and oral

13

instructions' " was "insufficient to incorporate by reference the handwritten guidelines." Baarslag, 12 Wn. App. at 762. " '[T]he will must refer to the instrument to be incorporated and must describe it with sufficient certainty that it may be identified and distinguished from other similar documents.' " Baarslag, 12 Wn. App. at 761-62 (quoting 2 PAGE ON WILLS: THE LAW OF WILLS § 19.23 (3d ed. 1960)). " 'The description in the will must be in language which is so clear and unambiguous that the identity of the documents is readily established.' " Baarslag, 12 Wn. App. at 761-62[7] (quoting 2 PAGE ON WILLS § 19.23). Here, unlike in Baarslag, the will clearly and unambiguously identifies and incorporates by reference the Gift List that specifically directs distribution of the Estate, monetary gifts, and tangible personal property.

Roberson asserts the Gift List is not incorporated by reference under RCW 11.12.255 because the will cites only RCW 11.12.260 and RCW 11.12.260(4) prohibits the "monetary gifts and the reduction scheme."

RCW 11.12.260 governs the requirements for a separate writing that directs the disposition of "tangible personal property." RCW 11.12.260(1) states:

> A will or a trust of which the decedent is a grantor and which by its terms becomes irrevocable upon or before the grantor's death may refer to a writing that directs disposition of tangible personal property not otherwise specifically disposed of by the will or trust other than property used primarily in trade or business. Such a writing shall not be effective unless: (a) An unrevoked will or trust refers to the writing, (b) the writing is either in the handwriting of, or signed by, the testator or grantor, and (c) the writing describes the items and the recipients of the property with reasonable certainty.

Unlike the requirements of RCW 11.12.255, under RCW 11.12.260(2), "The writing may be written or signed before or after the execution of the will or trust and need not have significance apart from its effect upon the dispositions of property made

---

[7] Emphasis omitted.

14

by the will or trust." RCW 11.12.260(2) states that a "writing that meets the requirements of this section shall be given effect as if it were actually contained in the will."

RCW 11.12.260(4) defines "tangible personal property" as "articles of personal or household use or ornament," such as "furniture, furnishings, automobiles, boats, airplanes, and jewelry, as well as precious metals in any tangible form, for example, bullion or coins." RCW 11.12.260(4) states that tangible personal property excludes "intangible property," including "money that is a normal currency or normal legal tender."[8]

Under these particular facts, the conclusion that the Gift List meets the requirements of RCW 11.12.255 and controls distribution of the Estate and money does not conflict with the disposition of tangible personal property under RCW 11.12.260.

Chapter 11.12 RCW governs execution and interpretation of a will. The undisputed record establishes the Gift list complies with RCW 11.12.255. The Gift List was in existence at the time Little executed the will and the will clearly identifies the Gift List, and the will manifests Little's intent to incorporate the writing and direct distribution of the Estate and money. The Gift List also meets the requirements of RCW 11.12.260. RCW 11.12.260 states a will "may direct disposition of tangible personal property" in a separate writing "written or signed before or after the execution of the will or trust." The Gift List is a separate writing that directs disposition of tangible personal property. The court did not err in concluding RCW 11.12.255 controls disposition of the Estate and money and meets the requirements of RCW 11.12.260 for purposes of disposition of tangible personal property.

---

[8] Roberson does not dispute the distribution of tangible personal property under the Gift List.

Roberson also claims the Gift List is inconsistent with the will because the Gift List reduces her share from "approximately $98,000 to $7,000." The reductions in the Gift List are not inconsistent with the will. The will explicitly directs the executor to implement the directions in the Gift List before distributing the remainder of Little's Estate.

Probate Petition

Roberson contends Washington law required the personal representative to file the Gift List with the petition to admit the will to probate. We review questions of law de novo. Jones, 152 Wn.2d at 8-9.

Roberson cites RCW 11.28.237(1) to argue the Gift List "should have been given to the heirs with the Will as part of the Will." RCW 11.28.237(1) does not support her argument. RCW 11.28.237(1) provides that "[w]ithin twenty days after appointment, the personal representative of the estate of a decedent shall cause written notice of his or her appointment and the pendency of said probate proceedings."

RCW 11.20.010 governs admission of a will to probate. RCW 11.20.010 provides, in pertinent part, "Any person having the custody or control of any will shall, within thirty days after he or she shall have received knowledge of the death of the testator, deliver said will to the court having jurisdiction or to the person named in the will as executor." Here, the personal representative complied with the statute by filing a petition to admit Little's will to probate eleven days after Little died. The court did not err in concluding Washington law does not require the personal representative to file a separate writing when the will is admitted to probate.

Due Process

Roberson contends admission of the Gift List violated her right to due process because she was not able to "contest the separate writing as part of the Will." The record does not support her argument.

As a general rule, the probate of a will is a "non-adversary proceeding, and a hostile party waits until the will is admitted to probate to contest the will under RCW 11.24.010." Black, 153 Wn.2d at 170. But where, as here, a party challenges the will and disposition of the estate, the court can address the contest. Black, 153 Wn.2d at 170. The failure to give due notice to heirs is a denial of procedural due process. In re Estate of Little, 127 Wn. App. 915, 921, 113 P.3d 505 (2005). " 'The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.' " Aiken v. Aiken, 187 Wn.2d 491, 501, 387 P.3d 680 (2017)[9] (quoting Matthews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)).

The record shows Roberson knew about and challenged the Gift List and distribution of the Estate. Roberson received actual notice of the Gift List when Trees filed the First Interim Report and Accounting on August 19, 2015. In opposition to the Final Report and petition for decree of distribution, Roberson argued the Gift List did not meet the requirements of RCW 11.12.255 or RCW 11.12.260 and was unenforceable. Roberson challenged the Gift List at the show cause hearing in October 2015, at the hearing on the Final Report and petition for decree of distribution in December 2017, and at the hearing on the motion for revision.

---

[9] Internal quotation marks omitted.

Attorney Fees

The Estate seeks reasonable attorney fees under the Trust and Estate Dispute Resolution Act, chapter 11.96A RCW. Under RCW 11.96A.150(1), an appellate court may, in its discretion, order attorney fees to be awarded to any party from any other party "in such amount and in such manner as the court determines to be equitable." We decline the request for fees on appeal.

We affirm the superior court order denying the motion to revise the commissioner order approving the Decree of Distribution for the Estate of Little.

Schindler, J.

WE CONCUR:

Verellen, J.

Leach, J.