IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| KURT PRASSE, | ) | No. 80206-2-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SALLY VON ERFFA, | ) | |
| | ) | |
| Respondent. | ) | |

BOWMAN, J. — Kurt Prasse appeals pro se the trial court's order appointing a parent evaluator at his expense. Because Prasse's claims lack factual support in the record and consist of conclusory arguments unsupported by citations to authority, we decline to reach the merits of his appeal and affirm the court's "Order Appointing Parenting Evaluator/Investigator."

FACTS

Prasse and Sally VonErffa married in 2012 and had a son in 2013. The couple divorced in 2015 and, according to Prasse, shared equal parenting time until 2017.

In December 2017, VonErffa obtained a domestic violence protection order prohibiting Prasse from contacting her.[1] She also filed a petition to modify

_____

[1] The court later convicted Prasse of stalking VonErffa and as part of his sentence, issued a 10-year no-contact order protecting both VonErffa and their son.

their parenting plan.  The court entered a temporary parenting plan that significantly limited Prasse's residential time.

In June 2018, VonErffa filed a notice of intent to relocate to New Mexico with their child. The court authorized temporary relocation and set a trial date for February 2019.  The parties agreed to continue the trial date so Prasse could obtain counsel and they could continue negotiating a possible settlement.

In March 2019, Prasse moved for a second continuance to retain an attorney for trial.  VonErffa agreed to the continuance on condition that Prasse obtain a parenting evaluation.  The court entered an order striking the trial date and granting VonErffa's motion that Prasse undergo a parenting evaluation at his expense.

On April 29, 2019, Prasse filed a motion to compel VonErffa to obtain a "full mental health evaluation."  VonErffa responded to Prasse's motion on May 14, 2019.  VonErffa agreed to a parenting evaluation but requested that it occur at Prasse's expense.  The court set a hearing date for May 17, 2019.

Prasse did not appear at the May 17 hearing.  At the hearing, the trial court entered an Order Appointing Parenting Evaluator/Investigator to investigate "[a]ll issues related to making a parenting plan," including "[m]ental health issues of Petitioner and Respondent."  The court ordered that the investigation be "100% paid by" Prasse.  Prasse appeals.

## ANALYSIS

Prasse alleges the trial court erred by "conducting a stricken hearing" and considering untimely briefing.  He also claims that the court abused its discretion

and violated his due process rights by ordering him to undergo "yet another evaluation[,] although 5 evaluations had previously been done," and by ordering him to pay the costs of both evaluations. We decline to review the merits of Prasse's claims.

An appellant's brief must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6); In re Estate of Little, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23, review denied, 194 Wn.2d 1006, 451 P.3d 335 (2019). We recognize that Prasse pursues this appeal pro se, but we "hold a pro se litigant to the same standard as an attorney." Little, 9 Wn. App.2d at 274 n.4.

Prasse claims he called the court and left a message to strike the May 17, 2019 hearing because he did not timely receive VonErffa's response. But the record shows that VonErffa timely responded to Prasse's motion. And Prasse provides no evidence to support his assertion that he attempted to strike the hearing. We decline to consider facts recited in Prasse's brief but unsupported by the record. Sherry v. Fin. Indem. Co., 160 Wn.2d 611, 615 n.1, 160 P.3d 31 (2007) (citing RAP 10.3(a)(5)).

Similarly, Prasse's claims that the trial court abused its discretion and violated his due process rights lack any legal argument or citation to legal authority. We will not review a claim of error that a party fails to support with legal argument in the opening brief. Jackson v. Quality Loan Serv. Corp. of Wash., 186 Wn. App. 838, 845, 347 P.3d 487 (2015); see RAP 10.3(a)(6).

3

Because Prasse's opening brief consists of conclusory arguments unsupported by citations to authority, we decline to reach the merits of his appeal.  See Brownfield v. City of Yakima, 178 Wn. App. 850, 876, 316 P.3d 520 (2013).

We affirm the court's May 17, 2019 Order Appointing Parenting Evaluator/Investigator.

_____
Brenner, J

WE CONCUR:

_____          _____