IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| DIMITAR K. DERMENDZIEV, | No. 81319-6-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| JACK WARNER, | |
| Respondent. | |

BOWMAN, J. — Dimitar K. Dermendziev appeals pro se the trial court's order denying his petition for a writ of habeas corpus, alleging the Department of Corrections (DOC) subjected him to "sleep torture" by installing electromagnetic emitting devices in the walls of his prison cell. We dismiss the appeal for failure to comply with RAP 5.2(a).

FACTS

Dermendziev has been an inmate in DOC's custody since April 2009.[1] On April 15, 2019, Dermendziev filed a handwritten petition for a writ of habeas corpus in the Whatcom County Superior Court. The court denied the petition that same day.

---

[1] A jury convicted Dermendziev of four counts of child molestation in the first degree, which this court affirmed in an unpublished opinion. State v. Dermendziev, noted at 155 Wn. App. 1037 (2010).

In his petition, Dermendziev alleged that DOC installed devices that emit electromagnetic radiation in the walls of his prison cell. Asserting that DOC was slowly putting him to death, Dermendziev complained of "sleep torture" or "sleep haras[s]ment" that caused him to suffer various medical ailments. He supported his petition with 101 pages of attachments. Among the attachments were documents from DOC indicating that it had investigated his allegations, found no improper behavior, and found no evidence of an electromagnetic emitting device imbedded in his cell and that medical staff found "no issues with [his] health." The relief Dermendziev requested in his petition included an order for continuous monitoring of his cell by state and federal agencies, an evaluation by cardiologists and "sleep medicine experts," an order allowing him to serve the remainder of his sentence in federal custody or at the Whatcom County Jail, and an order for a criminal investigation.

On August 13, 2019, Dermendziev appealed the superior court's order directly to the Washington Supreme Court, which transferred the case to this court.

ANALYSIS

Dermendziev argues that the superior court erred in denying his petition. But Dermendziev failed to timely appeal that order. RAP 5.2(a) generally requires an appellant to file a notice of appeal within 30 days of entry of the decision for review. Here, Dermendziev filed his notice of appeal on August 13, 2019; nearly four months after the court denied his petition on April 15, 2019. Nor did Dermendziev ask us to enlarge the time to file his appeal and consider its

merits.  See RAP 18.8.  We hold pro se litigants to the same standard as attorneys.  In re Estate of Little, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23, review denied, 194 Wn.2d 1006, 451 P.3d 335 (2019).  For these reasons, and because Dermendziev does not demonstrate an "extraordinary circumstance" where we must "prevent a gross miscarriage of justice" warranting review, we decline to consider the merits of Dermendziev's appeal.  RAP 18.8(b), (a).

We dismiss the appeal as untimely under RAP 5.2(a), and affirm.[2]

Brennan, J

WE CONCUR:

Andrus, A.C.J.

---

[2] Dermendziev also argues that the superior court erred by denying his "Motion to Order Department of Corrections at UCC-SOU to Produce Undisputed Physical Evidence of Compliance with State & Federal Gov. Agencies Environmental Health & Safety Regulations, Statutory Criminal & Constitutional Laws, and Order Relief."  We decline to consider this argument because even if Dermendziev's notice of appeal was timely, he did not designate this order for our review pursuant to RAP 5.3(a).