IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| RONALD SMITH, | No. 83115-1-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| SHAYNA HARRIS, | |
| Respondent. | |

BOWMAN, J. — Ronald Smith challenges the trial court's entry of a parenting plan for his daughter, H.E., and a domestic violence (DV) protection order (DVPO) protecting H.E. and her mother, Shayna Harris. The record is insufficient to review Smith's claims of error, and his claims consist of conclusory arguments unsupported by citations to legal authority or reasoned analysis. We decline to reach the merits of Smith's appeal and affirm.

## FACTS

We glean the following from the limited record before us. During contested family law proceedings with Harris about the parenting plan for H.E.,[1] Smith separately petitioned for a protection order against Harris.[2] The trial court issued a temporary order protecting Smith on January 21, 2021 and linked the two cases on February 4, 2021.

---

[1] King County Superior Court Cause No. 19-3-10787-5 KNT.

[2] King County Superior Court Cause No. 21-2-00935-9 KNT.

The parenting plan matter went to bench trial in June 2021.[3]  Smith and Harris both appeared pro se, the trial court admitted several exhibits, Smith and Harris both testified, and each party cross-examined the other.

On July 16, 2021, the trial court entered a parenting plan for H.E.  It found that Smith "has a history of" DV and ordered him to complete a DV evaluation and DV treatment.  The court also ordered a phased-in residential schedule under which Smith's time with H.E. would not begin until he completed the DV evaluation.  The court allowed two-hour weekly visits with H.E. once Smith completed the evaluation and increased Smith's residential time only if he complied with DV treatment.  The court also entered a DVPO protecting Harris and H.E. from Smith, finding that he committed DV "as defined in RCW 26.50.010" and "represents a credible threat to the physical safety of" Harris and H.E.

Smith appeals.

ANALYSIS

Smith challenges the trial court's decisions—and particularly its DV findings—on several grounds.[4]  But he does not designate an adequate record

---

[3] It appears Harris filed her own petition for a DVPO on June 16, 2021, the morning of the parenting plan trial, under King County Superior Court Cause No. 21-2-02513-3 KNT.  The trial court linked the matter with No. 19-3-10787-5 KNT and No. 21-2-00935-9 KNT.

[4] Smith challenges an earlier DVPO entered under King County Superior Court Cause No. 19-2-30546-1 KNT.  But this court affirmed that DVPO, so it is not before us in this appeal.  See Harris v. Smith, No. 81021-9-I, slip op. at 1 (Wash. Ct. App. June 7, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/810219.pdf, review denied, 198 Wn.2d 1027, 498 P.3d 955 (2021).

on appeal to evaluate his claims, and his arguments are conclusory and unsupported by citations to relevant authority or reasoned analysis.

While we recognize that Smith pursues this appeal pro se, "[w]e hold a pro se litigant to the same standard as an attorney." In re Est. of Little, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). An appellant's brief "must provide 'argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record.' " Id. (quoting RAP 10.3(a)(6)). And the appellant bears "the burden of providing a record sufficient to review the issues raised." Sunderland Fam. Treatment Servs. v. City of Pasco, 107 Wn. App. 109, 116, 26 P.3d 955 (2001); see also RAP 9.2(b) ("If the party seeking review intends to urge that a . . . finding of fact is not supported by the evidence, the party should include in the record all evidence relevant to the disputed . . . finding."). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Brownfield v. City of Yakima, 178 Wn. App. 850, 876, 316 P.3d 520 (2014).

Smith asserts that the court failed to protect him under No. 21-2-00935-9 KNT when it allowed Harris to "question and harass" him on cross-examination, that it showed "bias and favoritism" against him, that Harris "ha[d] nothing to prove her claims" other than "hearsay and unproven allegations," and that the trial court "ignored" his evidence. But the record before us does not include the protection order from No. 21-2-00935-9 KNT or anything revealing its terms.[5]

---

[5] Even if a protection order was in effect at the time of trial, Smith provides no authority supporting the proposition that such an order barred the trial court from allowing Harris to cross-examine him during the parties' parenting plan trial.

Nor does it include a trial transcript or any of the trial exhibits, so we cannot evaluate the sufficiency of the evidence supporting the trial court's findings or Smith's judicial bias allegation. Cf. Sherry v. Fin. Indem. Co., 160 Wn.2d 611, 615 n.1, 160 P.3d 31 (2007) (declining to consider "facts recited in the briefs but not supported by the record").

Smith further argues that the trial court deprived him of various rights. But none of the statutes Smith cites apply to these proceedings. See 18 U.S.C. § 242 (federal statute criminalizing certain willful civil rights violations); RCW 26.52.010 (relating to the Foreign Protection Order Full Faith and Credit Act); RCW 9A.08.010 (defining "culpability" under the state criminal code); RCW 10.99.050 (relating to orders prohibiting contact between persons found guilty of a crime and their victims).

The record before us is insufficient to review Smith's factual assertions, and his conclusory legal assertions do not warrant consideration. We decline to reach the merits of his appeal and affirm the parenting plan and DVPO.

Brennan, J

WE CONCUR:

Díaz, J.