IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| KESLEY KATHLEEN BROWN, | No. 87420-9-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CASEY MAHENI BROWN, | |
| Appellant. | |

BOWMAN, A.C.J. — Casey Brown appeals pro se from several orders issued after a trial dissolving his marriage to Kesley Brown. Specifically, Casey[1] appeals from the trial court's orders limiting his access to the court, establishing a permanent parenting plan, establishing child support, and permanently restraining him from having contact with Kesley or their child. Casey alleges several errors, including (1) the lower court erred by accepting fraudulent motions from Kesley, (2) the guardian ad litem was biased and failed to disclose evidence, and (3) the trial court violated his right to due process and equal protection. Casey asks for imposition of sanctions and "legal ramifications" for certain nonparties.

---

[1] For clarity, we refer to Casey Brown and Kesley Brown by their first names and intend no disrespect by doing so.

No. 87420-9-I/2

We recognize that Casey pursues this appeal pro se. But we hold pro se litigants to the same standard as an attorney. *In re Est. of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). And an appellant's brief must provide "[a] fair statement of the facts and procedure relevant to the issues presented for review," as well as "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(5), (6). The appellant also bears the burden of providing a record sufficient to review the issues raised. *Sunderland Fam. Treatment Servs. v. City of Pasco*, 107 Wn. App. 109, 116, 26 P.3d 955 (2001).

Here, Casey provides no statement of the case. Instead, his "Statement of Facts" consists of a series of conclusory allegations, such as, "Petitioner filed motions claiming domestic violence against the Appellant based on misleading statements lacking credible evidence." And his argument consists of general statements of law with no meaningful analysis or references to relevant parts of the record. Nor does Casey provide an adequate record for review of his issues. He provides no trial transcript, trial exhibits, or the court's findings of fact and conclusions of law. Instead, he includes some of the orders from which he appeals and hundreds of pages of unrelated motions.

Because Casey provides no meaningful argument and the record before us is insufficient to review his assignments of error, we decline to reach the

merits of this appeal and affirm the trial court's orders.[2]

WE CONCUR:

---

[2] This appeal was schedule for nonoral argument on November 13, 2025. Casey filed several declarations and a motion with this court the day before and the day of his setting date. These filings include (1) a declaration "Updating the Court Regarding Municipal Court Proceedings and Related Events" pertaining to a December 2024 criminal citation in Marysville Municipal Court, (2) copies of the orders and motions in the Marysville Municipal Court docket, (3) a declaration "Updating the Court on Tag Issue" involving his vehicle's registration tags, (4) a declaration "Updating the Courts on [His] Housing Status," (5) an "Emergency Motion to Expedite Review, for Emergency Injunctive Relief, for Reconsideration of Prior Denial Without Prejudice, and to Enforce Relief Sought in Original Motion" regarding pieces of his personal property (Emergency Motion), (6) an "emergency" declaration in support of his Emergency Motion, and (7) a proposed order granting his Emergency Motion. We do not consider the declarations or Marysville docket, as they are improper attempts to supplement the record. And we deny Casey's Emergency Motion.