IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| RYAN ANDERSON, | No. 88177-9-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| SEATTLE ATHLETIC CLUB, | |
| Respondent. | |

BOWMAN, A.C.J. — Ryan Anderson sued Seattle Athletic Club (SAC) for retaliation, discrimination, and labor and industry violations. Anderson appeals the trial court's order dismissing their[1] lawsuit with prejudice under CR 12(b)(6) and (e). Because Anderson fails to provide argument with citations to the record and legal authority, we dismiss their appeal under RAP 10.3(a)(6).

FACTS

On March 5, 2024, Anderson began working for SAC as a part-time hourly employee. On October 14, SAC terminated Anderson. On October 17, appearing pro se, Anderson sued SAC for retaliation, discrimination, and labor and industry violations. They alleged that SAC engaged in retaliation by terminating them because they asked for a pay raise, raised labor and industry issues, and reported work violations to management. Anderson also alleged

---

[1] Because Anderson uses they/them/their pronouns, we do the same. We mean no disrespect by doing so.

discrimination based on SAC's "hostile work environment where they never felt welcome" and because coworkers gossiped, bullied, and ignored them.  Finally, Anderson's labor and industry violations claim alleged "no lunch breaks," "working off clock," and having to "supervise[ ] minors with no payment for extra work."  Anderson requested damages of $135,000, a letter of recommendation "for their excellent work performance," amendment of a no-trespass order, and an order requiring SAC to follow labor and industry requirements.

On January 16, 2025, SAC moved to dismiss the lawsuit under CR 12(b)(6) for failure to state a claim.  Alternatively, it moved under CR 12(e) for an order requiring Anderson to amend their complaint and provide a more definite statement.  On February 21, the trial court held a hearing on the motions.  The court denied SAC's motion to dismiss but granted its CR 12(e) motion for a more definite statement, ordering Anderson to file and serve an amended complaint on SAC by March 21.  It instructed Anderson to "allege specific facts, which if accepted as true, would be a basis for granting the relief requested."  And it explained that if Anderson failed to comply, it may dismiss their case entirely or certain claims with prejudice.

By March 21, 2025, Anderson had not filed an amended complaint.[2]  On April 4, SAC renewed its motion to dismiss.  On May 2, after a hearing, the trial

---

[2] On March 2, 2025, Anderson e-mailed SAC notes that they took "immediately after [they] were terminated."  On March 5, SAC responded, "I do not believe it meets the legal requirement for a more definite statement.  Your complaint should be amended to reflect the facts supporting your claims."  SAC later told Anderson to file their amended complaint with the court clerk.  On March 24, Anderson e-mailed SAC again, stating, "I do not have anything new to add to the case so there is no need to submit an amendment to my complaint."

court dismissed Anderson's claims with prejudice under CR 12(b)(6) and (e).

Anderson appeals.

ANALYSIS

Appearing pro se on appeal, Anderson argues the trial court erred by dismissing their lawsuit because they misunderstood the court's order requiring them to file an amended complaint. SAC argues that we cannot consider Anderson's appeal because their brief lacks citations to the record and sufficient legal argument. We agree with SAC.

RAP 10.3(a)(6) directs an appellant to provide a brief with "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." And when an appellant fails to present developed argument for our consideration on appeal, we do not address their challenge. *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012); *see also Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

Here, Anderson fails to support their arguments with any reference to the record or citation to authority. And they make no argument about the substantive issues in their complaint. Instead, they raise separate issues lacking developed argument and legal authority. While we recognize Anderson is a pro se litigant, we must hold pro se litigants to the same standards as attorneys. *In re Est. of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). So, we do not address their challenges.

We dismiss Anderson's appeal under RAP 10.3(a)(6).

_____, ACJ

WE CONCUR:

_____
Díaz, J.

_____
Chung, J.