**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| KRISTINA LINN LUNDQUIST, | No. 88170-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| KEITH MITCHEL AVEY, | |
| Respondent. | |

FELDMAN, J. — Kristina Lundquist, proceeding pro se, appeals the trial court's final parenting plan establishing a residential schedule for her two minor children. Because Lundquist fails to provide an adequate record for review or support her arguments with citations to authority, we decline to reach the merits of her appeal and affirm the final parenting plan.

Lundquist argues the trial court was biased against her and failed to determine the residential schedule in her case based on the best interests of her children. In determining the best interests of a child for residential scheduling purposes, the trial court considers several statutory factors, including the relative strength, nature, and stability of the child's relationship with each parent, the agreements of the parties, and the emotional needs and development level of the child. *See* RCW 26.09.187(3)(a), (i), (ii), (iv). This court reviews a trial court's

ruling addressing such issues for an abuse of discretion, which occurs when a trial court's decision "is manifestly unreasonable or based on untenable grounds." *In re Marriage of Kovacs*, 121 Wn.2d 795, 801, 854 P.2d 629 (1993).

While we recognize that Lundquist brings her appeal pro se, we "hold a pro se litigant to the same standard as an attorney." *In re Est. of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). Critical here, "the appellant bears the burden of complying with the Rules of Appellate Procedure . . . and perfecting [their] record on appeal so the reviewing court has before it all the evidence relevant to deciding the issues before it." *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998). Despite this requirement, Lundquist has provided a *partial* report of proceedings that does not include the respondent's case. And Lundquist explains in her opening brief that this was a deliberate decision. Consequently, we cannot assess whether the evidence supports the trial court's decision, nor can we assess whether the court properly considered the statutory factors under RCW 26.09.187(3)(a). As a result, we decline to reach the merits of her arguments. *Rhinevault*, 91 Wn. App. at 692.

But even if Lundquist had provided an adequate record, she fails to establish any entitlement to relief on appeal. An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6); *Little*, 9 Wn. App. 2d at 274 n.4. Here, however, Lundquist makes no argument in support of her assignments of error and cites no legal authority in her opening brief. Such "[p]assing treatment of an issue" and "lack of reasoned argument" does not merit

judicial consideration.  *In re Parental Rights to D.J.S.*, 12 Wn. App. 2d 1, 42, 456 P.3d 820 (2020), *abrogated on other grounds by In re Dependency of G.J.A.*, 197 Wn.2d 868, 489 P.3d 631 (2021).  Lundquist also attempts to raise new issues in her reply brief, contrary to RAP 10.3(a)(6).  We decline to consider those arguments as well.  *See Bergerson v. Zurbano*, 6 Wn. App. 2d 912, 927, 432 P.3d 850 (2018) (declining to address issues raised for the first time in a reply brief "because the [respondent] would be prejudiced").

Because Lundquist does not provide an adequate record for review or support her assignments of error with argument and citations to legal authority, we decline to reach the merits of her appeal.  We therefore affirm the final parenting plan.

Affirmed.

Feldman, J.

WE CONCUR:

- 3 -