# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re Guardianship/Conservatorship of: <br><br> HAROLD MALNES. | No. 86687-7-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

FELDMAN, J. — Brian Malnes appeals from a trial court's order appointing Private Client Fiduciary Corporation (PCF) as his father's limited guardian and full conservator. Because Brian has not established an entitlement to relief, we affirm. We also grant PCF's request for attorney fees on appeal.

I

On October 30, 2023, Brian's brother, David Malnes, petitioned the trial court for the appointment of a full guardian and conservator for their father, Harold Malnes.[1] In his petition, David claims Harold requires assistance in managing his financial affairs because he is "vulnerable" and "has shown susceptibility to undue influence." Due to concerns about family conflict, David requested that the trial court appoint a professional guardian.

---

[1] Because Brian Malnes, David Malnes, and Harold Malnes share the same last name, we refer to them by their first names for clarity.

Shortly after the petition was filed, the trial court appointed Rebecca Albright as Harold's attorney. Albright subsequently filed a motion asking the court to clarify her appointment as Harold's attorney after Brian purportedly fired her in an e-mail exchange. The court ruled that Albright had no duty to Brian and that Brian had no authority to "discontinue, interrupt or interfere" with Albright's representation of Harold, and it ordered Brian to seek court approval before filing any claims against Albright.

Contrary to the clarification order, Brian asserted additional claims against Albright without court approval on two occasions. In response, Albright sought orders of contempt against Brian. The trial court provided Brian with notice of each contempt hearing. Brian chose not to attend either hearing, and the trial court entered orders of contempt against him. Neither order has been submitted to this court for review.

Since David's initial petition, Brian has consistently opposed the appointment of a guardian and conservator for Harold. Throughout the proceedings, Brian's opposition has been made evident in his communications with Court Visitors,[2] his contentious interactions with Harold's attorney (as described briefly above), and most prominently in his numerous motions and declarations. Despite Brian's opposition, the trial court entered an order on August

---

[2] Under RCW 11.130.280, a trial court may appoint a "Court Visitor" in guardianship proceedings to interview the parties, investigate the parties' allegations, and make recommendations regarding the appropriateness of a guardianship. Here, the trial court appointed a Court Visitor to investigate the allegations of vulnerability raised in David's petition. Brian later argued the Court Visitor should be removed due to a perceived conflict of interest and a late filing. While the trial court found the Court Visitor had not acted in an inappropriate manner, it appointed a new Court Visitor because it was concerned that "this shadow of a potential conflict will impact the case moving forward."

22, 2024 appointing PCF as Harold's limited guardian and full conservator. Brian appeals.

II

While Brian's briefing in the trial court opposed the appointment of a guardian and conservator for Harold, his briefing on appeal focuses primarily on whether the trial court erred by failing to properly consider and appoint him as Harold's guardian and conservator and, consequently, appointing PCF instead. We reject Brian's arguments.

RCW 11.130.305 governs "Who may be guardian for adult—Order of priority." Subsection 1 of the statute provides in relevant part as follows:

> Except as otherwise provided in subsection (3) of this section, the court in appointing a guardian for an adult shall consider persons qualified to be guardian in the following order of priority:
>
> . . . .
>
> (e) A relative or other individual who has shown special care and concern for the respondent; and
>
> (f) A certified professional guardian or conservator.

RCW 11.130.305(1). Subsection 3 of the statute then provides, "The court, *acting in the best interest of the respondent*, may decline to appoint as guardian a person having priority under subsection (1) of this section and appoint a person having a lower priority or no priority." RCW 11.130.305(3) (emphasis added).

We review the trial court's decision appointing a guardian and conservator under RCW 11.130.305 for an abuse of discretion. *See In re Guardianship of L.C.,*

28 Wn. App. 2d 766, 772, 538 P.3d 309 (2023).[3] "Under an abuse of discretion standard, the reviewing court will find error only when the trial court's decision (1) adopts a view that no reasonable person would take and is thus 'manifestly unreasonable,' (2) rests on facts unsupported in the record and is thus based on 'untenable grounds,' or (3) was reached by applying the wrong legal standard and is thus made 'for untenable reasons.'" *Id.* (quoting *State v. Sisouvanh*, 175 Wn.2d 607, 623, 290 P.3d 942 (2012)).

Exercising its discretion under RCW 11.130.305, the trial court appointed PCF as Harold's limited guardian and full conservator. It did so because it found that Harold was "able to express his wishes regarding resolution of [the] proceedings," Harold had expressed concern "regarding the status of his funds under the management of Brian," and Harold had also "expressed on numerous occasions that he wishes for the parties to resolve these conflicts without litigation." Because Brian does not assign error to the trial court's findings regarding these issues, they are "verities on appeal." *In re Welfare of A.W.*, 182 Wn.2d 689, 711, 344 P.3d 1186 (2015).[4] The trial court's decision is also consistent with RCW 11.130.305(3) (quoted above), which allows courts to appoint as guardian or

---

[3] The court in *L.C.* adopted an abuse of discretion standard of review regarding the appointment of a guardian for a minor child, in part, because "[d]etermining who should be appointed as a child's guardian is a fact-intensive inquiry that trial courts are necessarily in a better position than the appellate courts to decide." *Id.* The same reasoning applies to determining who should be appointed as an adult's guardian under RCW 11.130.305 as quoted in the text above.

[4] Had Brian challenged these findings, we would review them for substantial evidence. *Id.* Here, substantial evidence supports the findings, including: (1) Harold's agreement to the appointment order; (2) Harold's revocation of all documents naming Brian as his agent; (3) the Court Visitor's report stating that the "underlying conflict between [Harold's] family members . . . negates the ability of [Harold's] family members to work cooperatively toward decisions that are in [Harold's] best interest"; and (4) evidence that Harold's "financial accounts have been accessed in a manner that suggests financial exploitation."

conservator a person having a lower priority (a certified professional guardian as compared to a relative or other individual who has shown special care and concern for the respondent) where, as here, doing so is in the best interest of the respondent. The trial court did not abuse its discretion in so ruling.

Brian's contrary arguments lack merit. This court has endeavored to identify those arguments despite serious deficiencies in Brian's appellate briefing. Having carefully reviewed the record alongside Brian's briefing, the court has identified three categories of asserted errors: (a) errors regarding various interlocutory rulings; (b) errors predicated on the First, Eighth, and Fourteenth Amendments to the United States Constitution; and (c) procedural errors. PCF claims that these issues are not properly presented for review and that Brian lacks standing to assert claims on behalf of his father. Brian's Eighth Amendment argument is sufficiently ascertainable that we address it below. We do not—because we cannot—address Brian's remaining arguments.

Turning to Brian's Eighth Amendment argument, he claims the trial court violated his Eighth Amendment rights by preventing him from serving as Harold's guardian and conservator due to his prior criminal history, which includes a felony conviction for bank robbery. According to Brian, a disqualification from appointment based on his prior criminal conviction subjects him to "civil death" with no remaining rights or capacity under the law. He then claims this purported disqualification is a violation of the Eighth Amendment's prohibition on cruel and unusual punishments.

Even if we overlook the many deficiencies in Brian's constitutional analysis, his argument fails because no such disqualification exists here. While RCW 11.130.090(1)(b)(i) states, "Except as provided otherwise in (b)(ii) of this subsection, convicted of a crime involving dishonesty, neglect, or use of physical force or other crime relevant to the functions the individual would assume as guardian," RCW 11.130.090(1)(b)(ii) provides, "A court may, upon consideration of the facts, find that a relative convicted of a crime is qualified to serve as a guardian or conservator." Thus, contrary to Brian's argument, the statute does not categorically disqualify relatives with a prior felony conviction. And nothing in the record on review, including the trial court's appointing order, indicates the trial court disqualified Brian from serving as Harold's guardian and conservator solely because of his prior criminal conviction. Thus, no purported "civil death" occurred here so as to arguably violate the Eighth Amendment.

As noted, we decline to address Brian's remaining arguments. Although Brian is pro se, "[w]e hold a pro se litigant to the same standard as an attorney." *In re Est. of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). Under RAP 10.3(a)(6), an appellant's brief must offer "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Arguments unsupported by record cites, legal authority, and meaningful analysis need not be considered. *Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

Brian's appellate briefing does not comply with these requirements with regard to his various interlocutory challenges. Brian attempts to assert, among

other arguments, that the trial court erred in failing to (a) join him as a party to the case, (b) sanction the Court Visitor for allegedly tampering with evidence, and (c) require his father to appear in person for hearings. But many of his arguments do not include citations to the record on review or relevant legal authority. When he does cite legal authority, the cited authority is insufficient to support the corresponding assertion. And for virtually all his arguments, he fails to explain how the trial court erred and what remedy he is seeking. Such "[p]assing treatment of an issue" and "lack of reasoned argument" does not merit judicial consideration. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

Much the same is true regarding Brian's arguments that the trial court violated his First and Fourteenth Amendment rights by (a) holding him in contempt of court and (b) not providing "equal protection" as it relates to court-appointed counsel. Here too, Brian fails to provide any proper legal authority or analysis. Such "'[n]aked castings into the constitutional seas are not sufficient to command judicial consideration and discussion.'" *Pub. Hosp. Dist. No. 1 of King County. v. Univ. of Wash.*, 182 Wn. App. 34, 49, 327 P.3d 1281 (2014) (quoting *State v. Johnson*, 179 Wn.2d 534, 558, 315 P.3d 1090 (2014)). Nor does Brian provide this court with the order of contempt sanctions issued against him. *See Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998) ("the appellant bears the burden of . . . perfecting [their] record on appeal so the reviewing court has before it all the evidence relevant to deciding the issues before it"). Thus, we decline to address these arguments as well.[5]

---

[5] For similar reasons, including in particular lack of reasoned argument, we also deny Brian's motion to present additional evidence on review: constitutional rights.

Lastly, Brian lacks standing to assert arguments relating to Harold's interests, including his argument that the trial court erred in (a) "forcing" Harold to keep Albright as his attorney and (b) not dismissing the initial petition for lack of venue. Under Washington law, a litigant generally lacks standing to vindicate the rights of a third party. *State v. Gutierrez,* 50 Wn. App. 583, 591-92, 749 P.2d 213 (1988) (citing *Rakas v. Illinois,* 439 U.S. 128, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978)). However, a litigant may have standing to vindicate the rights of a third party where (1) the litigant has suffered an injury-in-fact, giving them a sufficiently concrete interest in the outcome of the disputed issue, (2) the litigant has a close relationship to the third party, and (3) there exists some hindrance to the third party's ability to protect their own interests. *In re Guardianship of Cobb*, 172 Wn. App. 393, 401-2, 292 P.3d 772 (2012). Brian fails to make any such showing here. Nor can he, as Harold is able to protect his own interests through his appointed guardian. *See id*. at 402 (holding siblings did not have standing to vindicate their brother's rights when his interests were protected through a court-appointed guardian). We therefore reject these arguments on standing grounds.

III

PCF requests an award of attorney fees on appeal pursuant to RAP 18.1 and RCW 11.96A.150 or, alternatively, pursuant to RAP 18.9(a). RAP 18.1 permits the court to award reasonable attorney fees to a party entitled to recover such fees under applicable law. RCW 11.96A.150, in turn, permits the court to award attorney fees "in such amount and in such manner as the court determines to be equitable." RCW 11.96A.150(1); *In re Guardianship of Decker*, 188 Wn. App. 429,

451, 353 P.3d 669 (2015). The statute further provides, "In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved." RCW 11.96A.150(1). Given Brian's contemptuous conduct (as described in section I above), his faulty arguments (as described in section II above), and the corresponding lack of any arguable benefit to Harold or his estate, we exercise our discretion under RCW 11.96A.150 to award PCF its reasonable attorney fees on appeal subject to compliance with RAP 18.1. We therefore need not reach PCF's alternative request under RAP 18.9(a).

Affirmed.

Feldman, J.

WE CONCUR:

Birk, J.

Coburn, J.